106    42
f122   324

O'BRIEN v. ALPENA CIRCUIT JUDGE.

PLEA IN ABATEMENT—SUFFICIENCY—ACCOUNTING BY TRUSTEE.
  While strictness is required in pleas in abatement, still, where
    no reasonable doubt exists as to the identity of the suits,
    the plea will be held good.
  Accordingly, where a bill was filed by a *cestui que trust*

against the trustee and the other beneficiaries to obtain an accounting of the proceeds of a judgment recovered by the trustee, and to compel the payment to complainant of his share therein, it was *held* that a plea was sufficient which set forth that at the time of filing the bill a suit was pending in another court of equal jurisdiction, upon a bill filed by one of the defendant beneficiaries, for an accounting respecting the same judgment and the same trust fund mentioned in complainant's bill, affecting the same parties, and asking relief " in the same manner and for the same matters," which cause was still pending and undetermined.

*Mandamus* by Michael W. O'Brien against Robert J. Kelley, circuit judge of Alpena county, to compel the vacation of an order overruling a plea in abatement. Submitted June 4, 1895.   Granted July 2, 1895.

*Samuel L. May* (*Keena & Lightner*, of counsel), for relator.

*J. Cavanagh* (*J. D. Turnbull*, of counsel), for respondent.

Grant, J.   James D. Turnbull filed a bill in the circuit court for the county of Alpena, in chancery, setting forth that during the pendency of the former suit of Turnbull against Monaghan, O'Brien, and Rothschild, 94 Mich. 87, said O'Brien, as plaintiff and trustee for Turnbull, O'Brien, Rothschild, and Monaghan, began a suit in the circuit court of the United States for the Northern district of Illinois against Vider, Kinsella & Co. to recover damages for the refusal of that firm to take and pay for posts according to a contract executed between said O'Brien, as trustee, and Vider, Kinsella & Co.; that subsequently said O'Brien recovered a judgment for $6,874.29; that said O'Brien has received a portion of said judgment; that said Turnbull is entitled to 48 per cent. of said money received upon the judgment; and that he has applied to said O'Brien to pay him his said share, but that said O'Brien has refused,—and prays that an accounting additional to that had in the former suit of *Turnbull v. Monaghan, supra,* may be had, and said O'Brien be decreed to pay complainant his share.   The bill is filed against

O'Brien and Rothschild, and the reason alleged therein for not making Monaghan a party is that he acknowledges complainant's right to his share of the fund, and has consented to its payment. To this bill each of the defendants interposed a plea in abatement as follows:

"This defendant, by protestation, neither confessing nor acknowledging any or all matters and things in the complainant's bill mentioned to be true in such manner and form as the same are therein and thereby set forth and alleged, does plead thereunto, and for such plea says that on the 6th day of February, A. D. 1895, or thereabouts, Sigmund Rothschild, codefendant herein, filed his bill of complaint in the circuit court for the county of Wayne, in chancery, against James D. Turnbull, complainant herein, John Monaghan, and this defendant, to obtain an accounting of the moneys received by this defendant upon a judgment obtained by him as trustee, as plaintiff, against Vider, Kinsella & Co., as defendants, in the circuit court of the United States for the Northern district of Illinois, being the same judgment as is set forth in the bill of complaint herein, and for an accounting respecting the trust fund and matters relating thereto as in this complainant's bill of complaint mentioned; and said Sigmund Rothschild, complainant in said bill of complaint in the circuit court for the county of Wayne, in chancery, prayed for relief against this defendant, James D. Turnbull (complainant herein), and John Monaghan, in the same manner and for the same matters as said James D. Turnbull, complainant in this case, prays for in this, his present bill; that a subpoena was duly issued from said circuit court for the county of Wayne, in chancery, and was duly served upon this defendant; and that on, to wit, the 20th day of March, A. D. 1895, this defendant duly filed and served his answer to the bill of complaint in said cause; and that said Sigmund Rothschild, complainant therein, duly replied thereto; and that said cause is now at issue; and that the said bill of complaint and the several proceedings in said cause now remain pending and of record in the said circuit court for the county of Wayne, in chancery; and that said cause is as yet undetermined and undismissed. All which matters and things this defendant avers to be true, and pleads the same to the whole of said bill, and demands the judgment of this honorable court whether he ought to be

compelled to make any answer to the said bill of complaint, and prays to be hence dismissed, with his reasonable costs in this behalf most wrongfully sustained."

The court overruled these pleas as frivolous. The relator now applies for the writ of *mandamus* to compel the vacation of that order.

While strictness is required in pleas in abatement, still, where no reasonable doubt exists as to the identity of the suits, the plea must be held good. The bill itself refers to *Turnbull* v. *Monaghan, supra,* and alleges that the judgment now in controversy arose out of the same cedar transaction and under the same trusteeship which were involved in that case, and prays for an accounting as to additional funds which have come into the possession of the trustee since the former suit was begun. The plea alleges that Mr. Rothschild had filed a bill in equity in a court of equal jurisdiction, involving the same judgment, the same trust fund, the same parties, and for the same relief; that said cause was at issue at the time the present bill was filed in the Alpena circuit, and was still pending. No one can read the bill and plea without reaching the conclusion that the two suits are identical. The plea was sufficient, and, if sustained, it is conceded that the second suit must abate.

The order will issue as prayed, and the complainant be allowed the usual time to take issue; otherwise the plea will be allowed.

The other Justices concurred.