122    323
s81NW   95
o133  ²122

. CARPENTER v. ST. CLAIR CIRCUIT JUDGE.

1. PARTNERSHIP—BILL FOR ACCOUNTING—PARTIES—ADMINISTRATOR OF DECEASED PARTNER.

The rule that the administrator of a deceased partner is a necessary party to a bill for an accounting applies where the firm is composed of an individual and another firm, one of whose members is deceased.

2. MANDAMUS—ORDER OVERRULING PLEA IN ABATEMENT.

Mandamus will lie to compel a circuit judge to vacate an erroneous order overruling a plea in abatement.

Mandamus by Angus M. Carpenter to compel Samuel W. Vance, circuit judge of St. Clair county, to vacate an order overruling a plea in abatement. Submitted November 7, 1899. Writ granted December 12, 1899.

Atkinson, Wolcott & Moore, for relator.

Frank Whipple, for respondent.

MONTGOMERY, J. One Otis Joslyn filed a bill for an accounting in the St. Clair circuit court, in chancery. The bill alleged that a copartnership existed, consisting of Angus M. Carpenter and Brooks, Joslyn & Co.; that the firm of Brooks, Joslyn & Co. was composed of Otis Joslyn and George Brooks, deceased. The defendant filed a plea setting up that one John Jenkinson had been duly appointed administrator of the estate of George Brooks. This plea came on to be heard, and was overruled. The question presented is whether the administrator is a necessary party. The rule is stated to be that the administrator of a deceased partner is a necessary party to a bill for an accounting. 2 Bates, Partn. § 931, and cases cited; Jenness v. Smith, 58 Mich. 280. The fact that the bill alleges that Brooks, Joslyn & Co. was one member of the firm, and Carpenter the other, cannot affect this rule. The most that can be said is that such

averment affects the *extent* of the interest of the representatives of George Brooks.

*Mandamus* is a proper proceeding. *Chapin* v. *Montcalm Circuit Judge*, 104 Mich. 232; *O'Brien* v. *Alpena Circuit Judge*, 106 Mich. 42.

The writ will issue, directing the respondent to vacate the order overruling the plea, and to take such further action as may be deemed proper.

The other Justices concurred.