ISAAC N. JENNESS v. GERTRUDE SMITH.

*Injunction against ejectment—Partnership interests and tenancy-in common —Appeals—Accounting and quieting title—Security for injunction bill.*

1. A guardian obtained leave to sell lands in which his ward inherited an interest but the sale was not approved as required by How. Stat. § 6727. The title to the lands was on its face a tenancy-in-common belonging in equity to firms in one of which the guardian, the ward's ancestor, and the grantee were partners, and in the other the first two; and one of the transfers was made in pursuit of a partnership settlement with the grantee. The ward, on becoming of age, brought ejectment for the lands, and the grantee sought to enjoin the action and claims that the guardian's deeds should be made valid. *Held,* that the bill, which was dismissed without prejudice, was properly dismissed; void guardian's deeds could not be confirmed as such, and though the lands were partnership lands and therefore liable to be used for partnership purposes, still, as they were held by tenancy-in-common, relief could only be worked out in equity unless the deeds were good. And the bill was hardly capable of amendment. The interests belonging to each firm and the condition of each should appear, so as to denote the liability of the different lands, and this can only be reached by some sort of accounting. The bill would probably not be multifarious in joining these titles.

2. An appeal in chancery will not lie that involves nothing but costs on demurrer upon the dismissal of a bill without prejudice.

3. A bill for relief against an heir holding in trust a partnership interest in lands should show the partnership character of the interest.

4. On a bill for an accounting involving the interests of a deceased partner the latter must be represented in court.

5. On a bill to quiet titles held in severalty the owners, if not represented, will not be bound by an adverse decree.

6. A bill to quiet title cannot be filed by any person not interested in the title; and a suit by or against one who is only indirectly interested cannot bind other owners, who cannot be represented in his name.

7. Security must be filed with a bill to enjoin proceedings at law. How. Stat. § 6692.

Appeal from Lapeer. (Stickney, J.) Oct. 15.—Oct. 28.

INJUNCTION bill to restrain suit in ejectment. Complainant appeals. Affirmed.

*Geer & Williams* for complainant. No one need be made a party to a bill in equity whose interests cannot be affected by the decree : 1 Moulton's Ch. Pl. 98 ; 1 Dan. Ch. Pl. 284; Powers' Puterbaugh's Pl. & Pr. 37; *Hillman v. Hillman* 14 How. Pr. 459 ; *Newbould v. Warrin* 14 Abb. Pr. 85 ; *Stockwell v. Wager* 30 How. Pr. 271 ; a partner's heirs hold partnership assets in trust for the firm : *Merritt v. Dickey* 38 Mich. 44; *Moran v. Palmer* 13 Mich. 367; *Shanks v. Klein* 104 U. S. 22 ; *Dyer v. Clark* 5 Met. 562; *Andrews v. Brown* 21 Ala. 437 ; *Dupuy v. Leavenworth* 17 Cal. 262 ; *Delmonico v. Guillaume* 2 Sanf. Ch. 406 ; *Buchan v. Sumner* 2 Barb. Ch. 197; *Gray v. Palmer* 9 Cal. 616 ; *Connor v. Allen* Har. Ch. 371 ; *Thayer v. Lane* Walk. Ch. 200.

*Farrand & Jenks* and *J. B. Moore* for defendant. Chancery has no inherent jurisdiction to order the sale of the real estate of infants, the power being derived entirely from the statutes : *Rogers v. Dill* 6 Hill 415 ; *Onderdonk v. Mott* 34 Barb. 106 ; *Williamson v. Berry* 8 How. 495 ; Schouler's Dom. Rel. 480 ; *Whitman v. Fisher* 74 Ill. 154 ; the power of surviving partners over the partnership real estate extends to holding the title, in equity, as trustees for the purposes of the partnership, to use what is necessary, after the exhaustion of the personal assets, to pay the debts of the firm, and no more ; and the title of the remainder goes to the heirs of the deceased partner in the same proportion as his interest

was in the partnership :   Pars. Partnership 372 ;   *Shearer v. Shearer* 98 Mass. 107 ; *Mauck v. Mauck* 54 Ill. 281 ; *Way v. Stebbins* 47 Mich. 298 ; *Merritt v. Dickey* 38 Mich. 41 ; *Buchan v. Sumner* 2 Barb. Ch. 165 ; *Martin v. Morris* 62 Wis. 419 ; the transfer by one surviving partner to the other, of the remaining property, would be void : *Dwight v. Blackmar* 2 Mich. 330 ; *Nelson v. Hayner* 66 Ill. 487 ; Pars. Partnership 442.

CAMPBELL, J.   The general purpose of the bill filed in this case is to compel Gertrude Smith to abandon certain ejectment suits for an undivided interest claimed by her as heir-at-law of Henry Fish, deceased, who was her father, and to give up her claim to these lands and some others.

The basis of the complainant's equities is in substance that some of the lands in question were owned by the firm of A. & H. Fish, composed of Allen and Henry Fish, and some of them were owned by I. N. Jenness & Co., composed of complainant and the two brothers Fish.   The bill however does not point out what lands belonged to one firm and what to the other.   It appears that the title on its face was a tenancy-in-common, which was claimed to belong in equity to the respective firms.

The bill indicates, rather than avers,—for many of the statements are very vague and general,—that the firm of I. N. Jenness & Co. was largely indebted, partly to complainant and partly to others.   It is not averred, but it appears, that complainant was bound in any event to bear one-third of this debt.   It is also indicated that A. & H. Fish were indebted as a firm to I. N. Jenness & Co., but it does not appear what was the state of the accounts between A. & H. Fish, nor that there were not assets of that firm which would reduce or abrogate the necessity, as between Allen Fish and defendant, of resorting to the lands to pay the debts of that firm.

Neither does it appear with any certainty how the accounts of the individual partners of I. N. Jenness & Co. stood with that firm.   It does appear that there were personal assets of the latter firm, but what was done with them, or how much

they were, does not appear. It does not appear that any account was ever settled, or if any how, of either of the two partnerships, except by the transfer of lands to be mentioned.

With this preliminary foundation to explain all the equities supposed to exist for resorting to defendant's land as partnership assets, the bill then shows that Allen Fish, as defendant's guardian, applied in 1876 to the circuit court for the county of St. Clair, in chancery, under the statute providing for sales of infants' lands, setting out various reasons, partly relating to the partnership matters, partly to executory land contracts outstanding, and partly to incumbrances, and seeking permission to sell defendant's interest. At that time she was about seventeen years old, lacking four years of her majority. Under that petition leave was granted to the guardian to make sales, and to report them for confirmation. It is not averred that orders were made to carry out any particular contracts or trusts. The power was a general one to sell. Under this statute no conveyance could be made, or sale completed, until reported to the court, and sanctioned in each case. How. Stat. § 6727. No sales were ever reported.

Under this order, but without any right, Allen Fish, as guardian, conveyed lands valued at $15,800 to Eliza A. Jenness, complainant, and himself in his own right, joining also. Some of this land appears to have been conveyed away by Eliza A. Jenness, and some not. The consideration was the crediting of the consideration money on I. N. Jenness & Co.'s debt to complainant. How much of this land belonged to one firm and how much to the other does not appear.

Other lands were conveyed to a number of different grantees by the same grantors for an aggregate amount of over $7000. No explanation is given of what became of this money. All these deeds were made in 1877.

January 3, 1878, it is averred that Allen Fish and complainant came to an accounting of the affairs of I. N. Jenness & Co., including the balance due from A. & H. Fish. It is claimed that A. & H. Fish owed Jenness & Co. about $43,000; that Jenness & Co. owed complainant about $29,000, and other creditors about $21,000; and that the Jenness

& Co. lands were mortgaged for about $23,000, and the A. & H. Fish lands for about $12,000.

On that day Allen Fish, for himself and as guardian, conveyed to complainant all the remaining lands of both firms, subject to the mortgages, in consideration that complainant would pay all debts and assume the mortgages. This he claims to have done.

After defendant came of age she began quite a number of ejectment suits against various parties claiming under the guardian's deeds, and as complainant represents, under his grants. These suits include actions against himself and against Eliza A. Jenness.

The bill is based on these invalid guardian's deeds which it claims should be made valid, and on some vague charges of complicity in fraud between defendant and Allen Fish in procuring a settlement of Henry Fish's estate without having these claims presented.

To this bill a general demurrer, with special objections on several grounds, was put in, and was sustained, and the bill dismissed without prejudice.

In our opinion the bill was properly dismissed. It is not disputed that if these lands were partnership lands, they were liable to be used for partnership purposes, in case of lack of other means. But, inasmuch as they were held by tenancy-in-common, the relief could only be worked out in equity, unless the guardian's deeds were good. But there can be no claim that they are valid, and there is no way wherein void guardians' deeds can be confirmed as such.

As the bill rests entirely on this claim, and contains no other, it is impossible to help it as it stands, and while perhaps the court below might have allowed amendments, yet none appear to have been asked, and the dismissal being without prejudice, and involving no more than the mere costs on demurrer, there could be no appeal on that ground.

But the defects on any theory are so considerable that an entirely new bill or set of bills cannot be dispensed with. To get relief, against defendant as an heir holding a partnership interest in trust, it is manifest that the bill should show not

merely in a general way the partnership character ; but where there are two firms, in one of which complainant was not a member, it must appear what interests belonged to each, and what was the condition of each, so as to denote the liability of the different lands. That could only be reached by some sort of an accounting, and no such accounting could bind any one unless Allen Fish was represented before the court.

The defects however go further. The bill is substantially a bill to quiet the titles under the guardian's sales. These titles are held in severalty, and, before any decree can be had, the owners must be represented so as to be bound by it in case the decree is adverse. Probably the original connection of these titles may be such that a bill to join them would not be multifarious. At any rate we do not now see that it would. But no person not interested in the title can file a bill to quiet it, and if complainant is interested as he seems to be, it is indirectly, and no suit by or against him could bind the other persons owning the lands, as they must be bound if any decree will be of any value. Complainant does not and cannot in his own name represent them.

The present bill is so entirely deficient in any of the important requisites that it cannot be maintained. We are not informed by the printed record what steps were taken to give the security, without which proceedings at law cannot be enjoined. The statute is imperative. *Carroll v. Farmers' & Mechanics' Bank* Harr. Ch. 197 ; How. Stat. § 6692

The decree must be affirmed.

The other Justices concurred.