## CLINE *v.* WIXSON.

1. MORTGAGES—TITLE TO PROPERTY—FORGED DEED.

    A mother died, leaving a husband and five children her surviving. The husband and a son forged a deed purporting to convey her real estate to the husband, and the latter then conveyed the property to the son, who in turn conveyed to another son, having knowledge of the forgery, the latter giving a mortgage back on the property, which was assigned to a third person. *Held,* that the mortgage was a valid lien on a two-fifths interest in the land, in so far as there was a valid consideration therefor, as the deed from the brother operated to pass his interest as heir.

2. EQUITY PRACTICE—FORGED INSTRUMENT—ESTOPPEL.

    One who has defended an action at law relying on a deed known by him to have been forged cannot afterwards maintain a bill for equitable relief based on the fact of such forgery.

Appeal from Sanilac; Beach, J. Submitted June 24, 1901. Decided September 25, 1901.

Bill by Kate M. Cline and Leo E. Cline against Philip L. Wixson and Walter S. Wixson to set aside a foreclosure sale. From a decree for defendants, complainants appeal. Affirmed.

One Jane Cline died intestate August 28, 1892, leaving five children, viz., William M., Sewell, and John Cline, and Lillian Carey and Selina Burch. Her husband, Jacob Cline, also survived her. Sewell Cline died June 8, 1897. Complainant Kate Cline is his widow, and complainant Leo is his son. Jane, at the time of her death, was seised in fee of 120 acres of land. Some time before her death, negotiations were pending for the sale of the land to one Emma Kimball, and she had signed and acknowledged a deed to Mrs. Kimball, and delivered it to her son William, to be delivered to Mrs. Kimball upon the performance of certain conditions, which were never per-

formed, and the deed was never delivered to Mrs. Kimball. After Jane's death, Jacob and William erased the name of Mrs. Kimball in the deed, inserted the name of Jacob Cline, and recorded it. Subsequently Jacob conveyed the land to William, and he conveyed it to Sewell, and Sewell executed to William a mortgage for $1,200. Afterwards defendant Philip L. Wixson became the purchaser of the undivided interests of Mrs. Carey, Mrs. Burch, and John Cline, and defendant Walter S. Wixson purchased the mortgage, for which he paid $550. He foreclosed the mortgage by advertisement, whereupon complainants filed the bill in this cause to set aside that sale. The theory of the complainants is that the deed to Jacob was a forgery, and that Sewell had no title to mortgage, and that, therefore, the mortgage is void. Defendant Philip, after he obtained his title to the three undivided interests, brought an action of ejectment. Complainants in this suit, the defendants in the ejectment suit, relied upon the deed to Jacob and from Jacob to William and from William to Sewell. The jury found that the deed to Jacob was forged, and rendered a verdict for plaintiff, Philip L. Wixson, for the undivided three-fifths of the land. After this case was heard in the court below, complainants paid the costs of the ejectment suit, and took a new trial, thus again asserting the validity of the deed to Jacob. Proofs were taken in open court, and a decree entered holding that the deed to Jacob was forged, and that defendant Philip was the owner of the undivided three-fifths, that his interest was not subject to the mortgage, that complainants were the owners of an undivided two-fifths, and that their interest was subject to a lien of two-fifths of the mortgage, $480, and interest. From this decree complainants have appealed. Defendant Walter has not appealed.

*E. C. Babcock*, for complainants.

*Avery Bros. & Walsh*, for defendant Philip L. Wixson.

*Quinn & Wixson*, for defendant Walter S. Wixson.

GRANT, J. (*after stating the facts*).   Sewell Cline, when he executed the mortgage, was the owner of the undivided two-fifths of the land.   He knew that the deed to Jacob was forged, and that the deed from William to him conveyed only William's undivided one-fifth.   The mortgage was valid as to the two-fifths then owned by Sewell. His heirs, whose rights are the same as his were, will not be permitted to defend a suit at law relying upon the validity of those deeds, and then to maintain a suit in equity upon the ground that they were void because of the forgery of the deed to Jacob.   It is alleged in the bill that the mortgage was given to secure a life maintenance for Jacob Cline, but there is no evidence to sustain the allegation.   Complainants have failed to prove that there was not a valid consideration for the mortgage.   The decree gives them all they are entitled to, and is affirmed, with costs.

The other Justices concurred.