# APRIL TERM, 1913.

### HUNT v. STEVENS.

1. GUARDIAN AND WARD—DOWER—SALE BY GUARDIAN—ESTOPPEL—LIMITATION OF ACTIONS.

   Where defendant, as a guardian of her minor children, petitioned the court in chancery for a license to sell lands belonging to their estate, to which property she made no claim of a dower interest, and set up no such claim in her answer in this suit, and where final distribution of the estate of her deceased husband had taken place, in which proceedings she claimed no dower interest, and after five years had elapsed since the sale under order of the court, she was estopped from claiming any dower interest in the real property sold and her claim was barred by the five-year statute of limitations; section 9714, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 14119).

2. SAME—CONFIRMATION OF SALE—EQUITY.

   It is necessary, to the validity of a sale of lands of minors under the order of a court in chancery, that the sale be confirmed pursuant to section 542, 1 Comp. Laws (4 How. Stat. [2d Ed.] § 12058).

3. SAME—QUIETING TITLE.

   Having jurisdiction of a bill to quiet title to lands purchased by complainant at a judicial sale that was void for want of confirmation, defendant wards offering to pay back to complainant the consideration paid by him, equity will retain jurisdiction to dispose of the matters in controversy and remove the cloud on defendants' title, setting aside the purchaser's deed and decreeing a lien on the property for the amount so paid.

Appeal from Montmorency; Emerick, J. Submitted April 10, 1912. (Docket No. 52.) Decided April 8, 1913. Rehearing denied July 18, 1913.

Bill by William N. Hunt against Una Stevens and others to quiet title to certain lands. From a decree for complainant defendants appeal. Affirmed in part and reversed in part.

*I. S. Canfield,* for complainant.

*Joseph H. Cobb,* for defendants.

McALVAY, J. Complainant in this case filed his bill of complaint in the circuit court for the county of Montmorency, in chancery, against defendants, for the purpose of quieting title to certain descriptions of land situated in said county. Issue was joined upon the several answers of defendants, and a hearing was had in open court which resulted in a decree for complainant, granting him the relief he asked. The defendants have appealed from this decree.

John H. Stevens, of said county, who died intestate June 19, 1892, was, during his lifetime, the owner of several descriptions of land situated in Montmorency county, among which were the two descriptions involved in this suit. The defendants are his widow and children who survived him. On October 15, 1892, the widow, Una Stevens, upon her application, was appointed administratrix of her husband's estate by the probate court for said county. Her petition shows that at that time she was 35 years old and the children were all minors, being nine, five, and four years of age. She entered upon the duties of her office and an inventory of the estate was filed December 3, 1892. On December 28, 1892, she filed her petition to be appointed guardian of her minor children, and upon such petition an order was duly made appointing her such guardian, and she filed the requisite bond, which was duly approved. She entered on the discharge of her duties as guardian, taking charge of the estate left by her husband. She rendered her first account to the probate court April 27, 1897, which shows a balance due her of $250, and an order was made allowing her $300 per year

for the support of said minors from May 4, 1896. A second account was rendered by her to said probate court May 3, 1898, showing a balance due her of $926.19. This also shows that all the property described in the inventory, except one description of real estate, not involved in this suit, remained under her care and control. During her guardianship, the record shows that she sold, under an order of the circuit court for the county of Alpena, in chancery, certain real estate not involved in this suit, the details of which are not necessary to be stated. At that time the widow and children were residents of the city of Alpena. Later they removed to Big Rapids, Mecosta county, where they resided from early in the year 1902 until late in the year of 1904. In May, 1902, as guardian, defendant Una Stevens applied to the circuit court of Mecosta county and obtained a license to sell some of the land belonging to the estate of the minors, which was situated in Montmorency county, to complainant, which sale was duly approved. Later, November 19, 1902, she filed another petition in said circuit court for Mecosta county, as guardian for her then minor children, for license to sell all of said lands in Montmorency county, showing that the lands were nonproductive; that there were back taxes against them; that she had no means of maintaining and supporting said infants other than from said real estate; and it was necessary, in order to support, maintain, and educate them and to pay the taxes and save the estate for them, to sell and dispose of the lands described in the petition, which were all the lands belonging to said estate, and included both descriptions of lands involved in this suit. Further showing that by an order of the probate court for Montmorency county, dated May 4, 1896, she had been allowed $300 a year for supporting and maintaining said children; that the income from the property had been utterly inadequate to pay her said allowance; and that there was due her over $2,100 from the estate, which, without sale, could not be obtained.

Upon this petition an order was made to sell the real

estate described in said petition, according to the valuation thereof; the two descriptions under consideration being fixed at $700 each. This order contained the usual requirement of a report to be made to the court of the sale and the terms thereof, and also of a bond in the sum of $1,000 for the faithful performance of the order. Said bond was duly executed on the same date. On November 5, 1903, defendant Una Stevens, as guardian, executed to said complainant, by virtue of the order of December 2, 1902, for and in consideration of $800, a conveyance of the S.$\frac{1}{2}$ of the S. W. $\frac{1}{4}$ of section 13, being one of the descriptions of land in this suit, hereafter called the first description. In September, 1904, the defendant Una Stevens, guardian, then living with her children at Big Rapids, Mecosta county, went to Montmorency county to sell some more of this land, as is claimed, under the order of December 2, 1902, made by the circuit court of Mecosta county, in chancery.

It is claimed by complainant that she represented she had authority to sell the property, which authority would have been disclosed by an examination of the record of the circuit court for Mecosta county, in chancery. Both the complainant and this defendant knew that the property she desired to sell belonged to the estate of these minors, and there is no dispute but that she desired to sell in order to raise money for their use and benefit. She agreed to sell the S. W. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of section 24, being one of the descriptions involved in this suit, and hereafter called the second description, together with the W. $\frac{1}{2}$ of lots 5 and 6, block 1, in the village of Hillman, Montmorency county; and, according to such agreement, she entered into a written contract with complainant September 15, 1904, to make a conveyance to him of such lands for the sum of $600. Pursuant to such contract, on September 27, 1904, by warranty deed she conveyed to said complainant the said S. W. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of section 24, and later, in consideration of the sum of $75, conveyed to him the W. $\frac{1}{2}$ of lots 5 and 6, block 1, of the village

of Hillman, by warranty deed dated October 19, 1904. These deeds were both made and executed at Pasadena, Cal., and forwarded, as agreed in the contract, to the Alpena County Savings Bank; complainant having, at the time of entering into the contract, paid upon the purchase price of these two descriptions of property $300, paid the balance, and received the deeds.

Defendant Una Stevens made her final account as guardian of her children, the other defendants, upon which an order was made by the probate court of Montmorency county, on the 19th day of July, 1909, for a hearing of said petition September 7, 1909, which order was duly published and the hearing had. This final account she testified included all of the moneys received by her from complainant upon the sale to him of the lands of the estate, including the two descriptions involved in this suit. At the time of rendering this final account, she asked the court for an order of distribution of the residue of the estate of her husband, John H. Stevens, deceased, which consisted of the real estate not theretofore sold by her. The order was made on that date and, among other things, recites as follows:

"In the matter of the estate of John H. Stevens, deceased. This 7th day of September having been appointed for the hearing of the petition of Una Stevens, administratrix of said estate and guardian of minor children of said deceased, praying that the residue of said estate be assigned to the heirs of said estate, and due notice of the hearing of said petition having been given, as directed by said court, the said petitioner appeared and submitted her final account and also made showing that all children were now of legal age, it appearing to the court that all of the debts, funeral charges, and expenses of administration and all allowances for the maintenance of the family of said deceased;  *  *  *  that the widow's preferred claims to the personal estate have been fully satisfied; that all proceedings required by law for the administration and settlement of said estate have been taken; and that there remains to be assigned to the legal heirs of said deceased  *  *  *  the following described real estate," etc.

This order proceeds to determine that these defendants, the widow and three children, are the sole heirs of said deceased, and assigns the remainder of the estate to them as she petitioned; she having furnished the court with a list of the entire estate remaining unsold, which did not include the descriptions involved in this suit.

The record shows that it is undisputed that complainant purchased these lands of defendant Una Stevens; that they were lands which belonged to the estate of John H. Stevens, deceased, of whom the widow and the three children were the sole heirs; that the purchase price of these two descriptions involved in this suit was paid to her; that she admits in her testimony she received such payments and accounted for them to the probate court, which appointed her administratrix and guardian; that such payments were used by her for the support, maintenance, and education of the three minor children; that such sums were included by her in her final account to the probate court of Montmorency county, and were considered and passed upon by the court on the hearing of said final account, before final distribution of the residue of the estate by said court. From all the testimony upon the question of the adequacy of the consideration paid by complainant for this land, we agree with the learned trial judge that they "sold for their full value and for more than their market value."

And we are satisfied, from all of the evidence in the case, that defendant, in making these sales of this land to complainant, was acting as guardian of these minors under the license to sell granted by the circuit court for Mecosta county, in chancery. The answer of defendant Una Stevens to the allegation of the bill of complaint in this case shows that she admits that the first description, as charged in said bill of complaint, was sold by her as guardian of these minors under the order of the circuit court for the county of Mecosta, in chancery. Her answer denies the sale as guardian of the minors' interest in the second description, and asserts that she sold her in-

dividual interest only. The answers of the three other defendants specifically deny any valid sale to complainant of the second description; assert that they are each owners of an undivided one-third interest therein. They ask for affirmative relief; that the deed of September 27, 1904, be set aside as a cloud upon their titles; and that they be decreed to be such owners.

No question is raised in the case as to the regularity and validity of all these proceedings as far as they relate to the sale of the S. ½ of the S. W. ¼ of section 13, except that it is claimed no report and confirmation of the sale is shown; and in the brief of counsel for defendants all claim on the part of the minors to insist upon this technicality is abandoned, and it will not be necessary, as far as they are concerned, to consider it. The defendant Una Stevens, however, although admitting that she made this sale under the order and license of the court as guardian, claims that she did not sell her dower interest in this description. She makes no claim to the second description. At this point it will be proper to consider this claim and contention of this defendant. In her answer to the bill of complaint, she asserts no such claim. It appears, as already stated, in her petition and final account that she made no claim that these descriptions, or either of them, belonged to her or to the estate and did not include them in the residue of the estate reported by her to the probate court for distribution, and she accepted the share of such residue, which was distributed to her as she requested. It does not appear that she made any such claim at any time as to the first description to complainant or others before the commencement of this suit.

The record shows beyond dispute that the court making this order to sell all these lands located in Montmorency county obtained complete jurisdiction in these proceedings instituted by this guardian, who, during their course, was actively connected therewith, in which no step was taken except at her instance and request. She cannot now

make this claim, which is inconsistent with all her previous conduct, by which she is estopped.

She is also barred from insisting upon this defense by the statute of limitations (section 9714, 3 Comp. Laws, 5 How. Stat. [2d Ed.] § 14119), for the reason that more than five years have elapsed since the sale was made and her right of action, if any, accrued. The other defendants in this case, being children and heirs of John H. Stevens, deceased, question the validity of the sale to complainant of the second description involved in this suit, and the sale is attacked both on the ground that it was not made by her as guardian and that no report of such sale was made to the circuit court for Mecosta county, in chancery, or any confirmation thereof made by such court. Upon the first contention it is only necessary to say that an examination of the record in the case satisfies us, by a great preponderance of the evidence, that the guardian, Una Stevens, in making this sale to complainant, acted as such guardian, and intended to sell the same under the order of the circuit court for the county of Mecosta, in chancery, as part of the lands belonging to the estate described in her petition to make such sale, and included in the order granting such petition.

Upon the second proposition the contention of complainant is that the statute under which these proceedings were taken in the circuit court for the county of Mecosta, in chancery, does not require a report and confirmation of sale.

The subtitle of chapter 29 of 1 Comp. Laws, which includes the sections under which these proceedings were taken, is:

"Of proceedings in relation to the conveyance of lands by infants, and the sale and disposition of their estates."

This statute has provided the necessary proceedings to be taken in order to make the sales in courts of chancery of this State of the lands of infants for certain purposes. With very few changes it has been included in our Mich-

igan statutes since the Revised Statutes of 1846. It appears that this statute was amended by Act No. 117 of the Laws of 1848, entitled "An act to amend chapter 90, section 134, of the Revised Statutes," whereby was introduced into the statute what is known in the present compilation as section 540 (1 Comp. Laws, 4 How. Stat. [2d Ed.] § 12058). It is in form an original act, but is in fact an amendment, as its title indicates, of section 134 of chapter 90, which in the present compilation immediately precedes it, and it is followed by sections 134 to 141, inclusive, of said chapter. Considering this section as an amendment to the preceding section, and in connection with the sections which follow, we find in section 542 a mandatory provision requiring a report and confirmation of such sale.

It is evident that the court in which these proceedings were taken, at the time the order was made granting the prayer of the petition of the guardian to sell these lands, gave this interpretation to this statute, as appears from the order made, which provides for such report and confirmation of sale. This record does not show that the guardian made any report of the sale of the second description to the court; nor does it show any confirmation of such sale. In construing this section this court has said:

"Under this statute no conveyance could be made, or sales completed, until reported to the court, and sanctioned in each case. How. Stat. § 6727. No sales were ever reported." *Jenness* v. *Smith*, 58 Mich. 283 (25 N. W. 191).

The section of the statute referred to in the above quotation is section 542, 1 Comp. Laws, now under consideration.

This sale, therefore, did not convey to complainant the title to this description of the three defendants, the children and heirs of John H. Stevens, deceased. These defendants, in their answers and cross-bills to the bill of complaint, pray for affirmative relief, asking that the deed to the S. W. ¼ of the N. W. ¼ of section 24, township 31 north, range 4 east, in Montmorency county,

Mich., given by defendant Una Stevens to complainant on September 27, 1904, be declared invalid and set aside as a cloud upon their title. A careful reading of this record discloses that the guardian and the complainant in this transaction acted in good faith and in the belief that a valid transfer of this description was made to complainant. There is no fraud claimed in the case, or misappropriation of funds by the guardian.

This court, having jurisdiction of all the parties and the subject-matter of this suit, may retain such jurisdiction for the purpose of administering complete relief and doing entire justice with respect to the subject-matter. 16 Cyc. p. 106, and cases cited, including decisions of this court.

These three defendants, although claiming, as a matter of strict legal right, that they are entitled to have a decree of affirmative relief as asked by them, are willing that, if this relief is granted and the deed to complainant of the second description of land made by the guardian be set aside, it may be upon condition, and make offer to pay to complainant the sum of $525, being the consideration paid by him to the guardian, with legal interest, and all moneys he has paid for taxes upon this land, with legal interest, to be computed from the time such payments were made. Such offer is in exact accord with the authorities above cited and the views of this court as to the equitable determination which should be made of this branch of the case. A decree will be entered affirming the decree of the circuit court, granting the prayer of the complainant confirming his title to the S. ½ of the N. W. ¼ of section 13, in township 31 north, range 4 east, in Mecosta county, Mich., and also determining that defendant Una Stevens has no right, title, or interest in and to said premises.

As above indicated, the decree of the circuit court as to the sale of the second description is reversed and the prayer of the defendants Grant H. Stevens, Lavina Stevens, and Royal H. Stevens for affirmative relief in their cross-bill

in that respect is granted, and the sale by defendant Una Stevens to complainant of the S. W. ¼ of the N. W. ¼ of section 24, township 31 north, range 4 east, in Montmorency county, Mich., by deed dated September 27, 1904, to complainant, in consideration of $525, as far as any interest belonging to the three defendants, heirs of John H. Stevens, deceased, is concerned, is void and the cloud upon their title declared invalid and set aside, upon condition, however, that the said three defendants pay to the complainant the sum of $525, the consideration paid by him, with interest at 5 per cent. from and after the date of such payment, and also the amounts of all taxes paid on said description of land by him, with interest at 5 per cent. from the date of such payments, respectively, and such amount to be and remain a lien upon such land in favor of complainant and against defendants until the said sums are paid in in full, with interest, and that such payments be made within 60 days after settling said decree, and that a certified copy of such decree may be recorded in the office of the register of deeds for Montmorency county. It will not be necessary to remand this record to the circuit court for the purpose of making a computation of the amounts to be paid to complainant above specified; the tax receipts or tax rolls will fix such amounts beyond dispute.

No costs will be granted either party in this cause.

STEERE, C. J., and MOORE, BROOKE, STONE, and OSTRANDER, JJ., concurred.