BUNNELL *v.* WARD.

1. WAREHOUSEMEN — PARTNERSHIP—SURRENDER OF RECEIPTS—DE-
LIVERY TO PARTNER DELIVERY TO PARTNERSHIP—NOTICE.

Where concrete mixers owned by a partnership were
stored in a warehouse by one of the partners and receipts
which were taken in the firm name in accord with the
uniform warehouse receipts statute (2 Comp. Laws 1915,
§ 6563 *et seq.*) were not negotiated, delivery of the mixers
to the partner storing them was delivery to the partner-
ship, and therefore no liability attached to the warehouse
company although the receipts were never surrendered and
the partner converted the mixers to his own use, unless
it had notice of trouble between the partners and should
have withheld delivery.

2. PARTNERSHIP—DISSOLUTION BY COURT DECREE.

Where a partner in his bill alleged the existence of a
partnership, and the other partner in his answer denied
its existence, and the court found the partnership, but
considered such denial a dissolution, the relation was dis-
solved by the decree and dated therefrom rather than from
the date of the answer.

3. WAREHOUSEMEN—NOTICE BY PARTNER NOT TO SURRENDER PART-
NERSHIP GOODS—RECALL OF NOTICE BY SAME PARTNER—DUTY OF
WAREHOUSEMAN.

Where a partner stored partnership goods with a ware-
house company and took receipts therefor in the firm
name in accord with the uniform warehouse receipts
statute (2 Comp. Laws 1915, § 6563 *et seq.*), and later
notified the warehouse company not to release the goods
without surrender of the original receipts, it was not
bound to go' beyond said partner in making inquiries
before delivering to him the goods without surrender of
the receipts.

4. ESTOPPEL — PARTNERSHIP — RELIANCE UPON NOTICE TO WARE-
HOUSEMAN BY OTHER PARTNER.

Where a partner requested a warehouse company not to

---

[1]Warehousemen, 40 Cyc. p. 447; [2]Partnership, 30 Cyc. p. 658;
[3]Warehousemen, 40 Cyc. p. 447; [4]Estoppel, 21 C. J. § 205; Partner-
ship, 30 Cyc. p. 528.

release partnership goods without surrender of the original receipts, stating the reason therefor, and later recalled said request, stating that the reason therefor no longer existed, and thereby secured possession of the goods, another partner is in no position to insist that the company should have heeded the first request and disregarded the second.

5. WAREHOUSEMEN—NOT A CRIME TO DELIVER GOODS, TO BAILOR WITHOUT SURRENDER OF RECEIPTS IF NOT NEGOTIATED.

It is not a crime, under the uniform warehouse receipts statute (2 Comp. Laws 1915, § 6563 *et seq.*) to deliver the goods to the bailor without surrender of the original receipts, where they have not been negotiated and are in fact held by the bailor; and that the bailor is a partnership, and delivery is made to one of the partners, is immaterial, since delivery to a partner is delivery to the partnership.

6. PARTNERSHIP — DEFENSE GOOD AGAINST PARTNERSHIP GOOD AGAINST INDIVIDUAL PARTNERS.

Where a warehouse company has a good defense against a partnership for delivering goods stored with it without surrender of the original receipts, it has a good defense against all of the partners.

7. ESTOPPEL—PARTNER CLAIMING EXISTENCE OF PARTNERSHIP MAY NOT CLAIM RIGHTS BASED ON DISSOLUTION.

Where a partner brought suit to have the existence of a partnership decreed, for dissolution thereof, and for an accounting, he is in no position to claim rights based upon dissolution prior to the decree of the court.

Appeal from Ionia; Hawley (Royal A.), J. Submitted October 7, 1927. (Docket No. 50.) Decided January 3, 1928.

Supplemental bill by George H. Bunnell against Donald M. Ward and the Richards Storage Company to establish the liability of defendant storage company for an unauthorized delivery to defendant Ward of partnership property. From a decree for plaintiff, defendant storage company appeals. Reversed as to .

---

⁶Warehousemen, 40 Cyc. pp. 440, 486; ⁶Partnership, 30 Cyc. p. 557 (Anno); ⁷Estoppel, 21 C. J. § 205.

defendant storage company and affirmed as to defendant Ward.

*Watt & Colwell,* for plaintiff.

*Wykes & Sherk,* for appellant.

WIEST, J.      Plaintiff filed the original bill in this case to be decreed a partner with defendant Donald M. Ward in the Ward-MacAulay Company, and to have an accounting and a dissolution of the firm.      Defendant Ward appeared, filed an answer and cross-bill, but failed to take part at the hearing.      During the alleged partnership, and before the bill herein was filed, the Ward-MacAulay Company stored four concrete mixers in the warehouse of defendant Richards Storage Company and took negotiable warehouse receipts in the firm name in accord with the uniform warehouse receipts statute (2 Comp. Laws 1915, § 6563 *et seq.*).      The goods were stored by and the receipts given to defendant Ward and later turned over to plaintiff, as a partner in the firm, to see if he could borrow money on them.      The receipts were not negotiated but were held by plaintiff as a partner and for the benefit of the Ward-MacAulay Company. While plaintiff so held the receipts, and after this suit was commenced, defendant Ward obtained the concrete mixers from the storage company, stating that the receipts had been lost and the suit by plaintiff adjusted. Thereafter plaintiff obtained leave and filed a supplemental bill against the storage company to have a decree holding that company liable to respond to him under the warehouse receipts to the amount due him on an accounting of the affairs of the partnership, not exceeding, however, the value of the concrete mixers. The Richards Storage Company appeared, answered, and defended.      The court found the partnership, stated the account between the partners, found there

was $1,474.50 due plaintiff, and that the storage company had no right to deliver the concrete mixers to Ward without surrender of the warehouse receipts, and entered decree against defendant Ward and the storage company for the mentioned amount. The storage company then located Ward and asked for a rehearing at which Ward's testimony might be taken upon the partnership accounting. The court denied a rehearing, and the storage company appealed.

The important question is whether the storage company is liable. The concrete mixers stored in the warehouse were partnership property. The warehouse receipts named the firm as bailor, belonged to the partnership, and were not negotiated. It is true that plaintiff had the receipts in his possession, but he only held them as a partner and for the partnership. Delivery of the mixers by the storage company to Ward, one of the partners, constituted a delivery to the partnership, and, the receipts not having been negotiated, such delivery freed the storage company from all liability to the partnership and to plaintiff, one of the partners, without surrender of the receipts, unless the storage company had notice of the trouble between the partners and that it involved rights connected with the mixers and should have withheld delivery.

Some dates are material and we state them. The warehouse receipts were issued October 8, 1924. January 5, 1925, the original bill herein was filed and a temporary injunction issued restraining defendant Ward from selling, concealing, incumbering, or in any manner disposing of the personal property or assets belonging to the partnership. April 6, 1925, on motion of defendant Ward, the injunction was modified by dissolving the mentioned restraint. July 20, 1925, the storage company delivered the mixers to Ward upon the representation that the receipts were lost and the suit by plaintiff adjusted. Ward disposed of the

mixers and left the State.   November 28, 1925, plaintiff filed the supplemental bill herein against the Richards Storage Company, charging wrongful delivery of the mixers to Ward and asking that the storage company be made to respond to him as before mentioned.   Our disposition of the case renders it unnecessary to consider the account between the partners and the application for rehearing upon that subject.   Defendant Ward has not appealed.

The appeal of the storage company brings before us the question of whether it is liable to respond at all to plaintiff.   The trial judge found that the partnership was dissolved, for the reason hereinafter mentioned, prior to the delivery of the mixers to Ward, and, therefore, Ward had only the power conferred by law upon a partner after dissolution of the firm, as declared by Comp. Laws Supp. 1922, § 7966 (35); that the storage company was aware of the litigation between the partners and should have made inquiry, and the delivery to Ward, without surrender of the receipts, was negligent and without legal authority; that such delivery deprived plaintiff of the right to enforce payment of the amount due him on an accounting, and, the court having found the sum of $1,474.50 due plaintiff from Ward, decreed that Ward pay that sum within 30 days and in default of such payment that execution issue against the storage company therefor.

In his answer to the original bill defendant Ward denied the existence of the partnership alleged by plaintiff, and the circuit judge considered such denial a dissolution of the partnership from that time.   The bill alleged a partnership, the answer denied it, and thereby an issue was presented, and when the court found the partnership and dissolved it by decree the relation then ended and not before.   The court, in finding the partnership, established the relation of plaintiff and Ward as copartners under the firm name

of the Ward-MacAulay Company and such relation continued until the court, at the hearing upon plaintiff's. bill, dissolved it by decree.

Before such decree, and after the injunction above mentioned was dissolved, the storage company made delivery to Ward, a member of the bailor partnership, and Ward, by virtue of his membership in and his agency for the firm and his power as a partner, converted the partnership property to his own use.  This conversion by Ward bears no relation to the delivery by the storage company if the delivery was lawful. The warehouseman held the property for the holder of the receipts.  Here the holder was the bailor, the Ward-MacAulay Company.  The mixers were placed in the warehouse by Ward for the firm, receipts were given Ward for the firm, Ward handed the receipts to plaintiff for the purposes of the firm, and Ward was manager for the firm.  The storage company records had a notation:

"Telephone call, positively don't release any of the machines without original receipts on account of one lawsuit procedure.

"Mr. WARD."

Plaintiff claims this showed notice to the storage company and required that company to make inquiry before delivery. . This overlooks the fact that Ward gave the instruction and stated the reason therefor, and that later Ward withdrew the instruction and stated the reason no longer existed. Was the storage company put to inquiry beyond the person making the request and stating the reason and later recalling the request and stating the reason? We think not. . At least, plaintiff is in no position to assert the storage company should have accepted Ward's first communication and have paid no attention to his second.

Plaintiff invokes the provision of the uniform warehouse receipts act (2 Comp. Laws 1915, § 6616), mak-

ing it a crime for a warehouseman to deliver goods, in case of an outstanding and uncanceled receipt, without obtaining possession of the receipt, except the goods are sold to satisfy the warehouseman's lien or because of perishable or hazardous nature or court order and indemnity bond to protect the warehouseman.    It was not a crime for the warehouseman to deliver to the bailor, without surrender of the receipt, for the receipt had not been negotiated and was, in fact, held by the bailor.    To hold otherwise would make the letter of the statute destructive of its manifest spirit.    The relation between the storage company and the bailor was under contract of bailment, and if the bailor obtained the property there can be no liability to the partnership or any member thereof. A defense good against the firm is good against all the partners constituting the firm.

In *Crosswell* v. *Lehman, Durr & Co.*, 54 Ala. 363 (25 Am. Rep. 684), one partner stored partnership property and took a warehouse receipt, stating it was subject to his order or the bearer of the receipt.    This was done by the partner "for the purpose of forcing a settlement of the partnership."    The other partner, without the receipt, obtained delivery of the property from the warehouseman and sold it on his own account. The partner holding the receipt brought an action of trover against the warehouseman.    In holding the action could not be maintained, the court stated rules of law applicable to the case at bar, and we quote the following from the opinion:

"A partnership is an entirety; the title to its property resides not in the individual members, but in the partnership.    Every partner owns the whole property, subject to the equal ownership of every other partner, and, without the consent of his associates, no one partner can convert his ownership of any part, into a separate, absolute ownership.    Parsons on Part. 168. Not only does the title to partnership property reside in the partnership, but the possession also, and each

partner has an equal right with his associates to possession, from which he may not be rightfully excluded, without the interference of a court of equity. *Law* v. *Ford,* 2 Paige (N. Y.), 310.    Each partner may receive the property, or collect its debts, and a delivery or payment to him is a delivery or payment to the partnership.    * * *

"The cotton, the subject of the suit, was not the property of the plaintiff, though stored with the appellees, by him as his individual property.· * * * Nor was the possession changed—that resided in all the partners equally—the possession of one is the possession of all.    When, therefore, the cotton was delivered to Pierce, it was delivered to the partnership.    He had authority to receive it, and to discharge the appellees from all liability for it, as he would have had authority to receive payment of a debt due the partnership, thereby extinguishing it.    * * *

"The right of Pierce as a partner to the possession of the cotton, was equal to that of the appellant.    A delivery to him was a delivery to the partnership, and submission to the real title and ownership.    The entirety of the partnership cannot be severed.    The act of one in reference to the partnership property, within the line of his right and authority, is the act of all, and neither can maintain an action in contravention of it.    * * *    The case is an illustration of the justice of the principle, and of the frauds to which innocent third persons, dealing with partners, would be subject if the law was otherwise.    The controversy grows out of a struggle between two partners, each endeavoring to reduce to his own exclusive possession partnership property, compelling the other to sue him for a settlement of partnership affairs.    In this struggle they were unmindful of the damage that they might inflict on others, strangers to their quarrels. The appellant stores the cotton in his own name—as his own property.    The other partner ascertaining this fact, by stratagem and fraud, obtains possession from the depositary.    The depositary, to whom no want of good faith is imputable, and who, observing a custom of trade, intended to make, and supposed he was making a proper delivery, is sought to be made liable for the delivery to the appellant's associate, whose right to the cotton and possession was equal to and of the

same character as the appellant's. The appellant must be regarded as having with Pierce received the cotton, or the appellees must be defrauded by the person the appellant armed with the power of committing the fraud."

In this case the bailor, the partnership, could not maintain an action for loss of the goods for the bailor got the property.

Plaintiff claims that, upon filing the original bill, he gave verbal notice to the storage company to withhold delivery. The circuit judge did not so find, and we cannot either. The bill was filed for the purpose of having the existence of the partnership decreed, and for dissolution thereof, and an accounting. Plaintiff is in no position to claim rights based upon a dissolution prior to the decree of the court. At the time of the delivery of the property to Ward there had been no decree of dissolution and the injunction restraining Ward from taking possession and disposing of the partnership property had been dissolved by order of the court. Under such circumstances, the bailee had a right to deliver the property to the member of the partnership who had placed it in storage and to whom the warehouse receipts had been given, in the absence of negotiation of the receipts. The fact that Ward disposed of the property and left the State was an injury to plaintiff by his partner. We think the delivery to Ward was lawful, and the storage company is not liable to respond to plaintiff.

The decree against the Richards Storage Company is reversed and the supplemental bill as to it dismissed, with costs against plaintiff, and affirmed against defendant Ward.

FLANNIGAN, C. J., and FELLOWS, CLARK, McDONALD, BIRD, and SHARPE, JJ., concurred.

The late Justice SNOW took no part in this decision.