MERTZ *v.* MERTZ.

1. APPEAL AND ERROR—CHANCERY CASE—ACCOUNTING—DE NOVO RE-
   VIEW.
   On appeal from decree dismissing bill for accounting, review is
   had *de novo* since it is a chancery case.

2. ACCOUNTING—BURDEN OF PROOF—PARTNERSHIP.
   In suit by administratrix for accounting by decedent's son for
   alleged partnership interest of decedent in a fishing business
   where the son denies the relationship, plaintiff had burden of
   showing that decedent had an interest in such partnership at
   the time of her death in order to entitle plaintiff to an ac-
   counting.

3. TRUSTS—ACCOUNTING—BURDEN OF PROOF.
   The burden of accounting does not rest upon one alleged to oc-
   cupy a trust relationship until the fact of such relationship is
   established.

4. ESTOPPEL—PREVIOUS JUDGMENT.
   Estoppel by a previous judgment does not depend upon the ques-
   tion whether justice was done in the first suit but upon the
   merits having once been considered and passed upon.

5. SAME—WILL CONTEST—CONVEYANCES.
   Where contestants to the probation of a will prevailed upon a
   court to decide that will had been revoked by implication by
   conveyance of all of decedent's property to the grantee, the
   administratrix, representing all of the heirs, may not subse-
   quently claim that such conveyance was ineffective to transfer
   such property as they are estopped from taking a position in-
   consistent with that taken previously.

6. FRAUD—EVIDENCE—PARTNERSHIP.
   In action by administratrix to have her decedent declared. to be
   owner of a share of partnership assets and for an accounting
   thereof, claim of fraud on part of defendant, son of decedent,
   *held,* not sustained by record.

---

Effect of judgment as to matters actually litigated and determined
in prior action upon subsequent action between same parties upon a
different claim, see Restatement, Judgments, § 45 (c), and comment c.

Appeal from Presque Isle; Des Jardins (George W.), J., presiding. Submitted January 5, 1945. (Docket No. 52, Calendar No. 42,934.) Decided April 9, 1945. Rehearing denied June 8, 1945.

Bill by Elizabeth Mertz, administratrix of the estate of Mary Mertz, against Clarence Mertz and wife for accounting of claimed partnership. Decree for defendants. Plaintiff appeals. Affirmed.

*Howard H. Campbell,* for plaintiff.

*Frederick P. Hempel,* for defendant.

STARR, C. J. In June, 1940, plaintiff Elizabeth Mertz, as administratrix of the estate of her mother, Mary Mertz, filed bill of complaint, asking that said estate be decreed to own a partnership interest in the commercial fishing business conducted by defendant Clarence Mertz and in the personal property connected therewith, and for an accounting as to such interest. Defendants answered, denying that the estate owned an interest in said business or property and denying plaintiff's right to an accounting. Plaintiff appeals from a decree dismissing her bill of complaint.

Decedent Mary Mertz and her husband, Fritz Mertz, lived in Rogers City, Presque Isle county. The following children were born of their marriage: Elizabeth (plaintiff), Cecelia, Theresa, Louis, Lawrence and Clarence (defendant). The youngest, Lawrence and Clarence, were twins born in 1891. Mary Mertz and her husband separated in 1892, and thereafter he lived apart from her and the family and apparently contributed nothing for their support. The mother supported herself and the children by doing washing and sewing. The three

girls and the son, Louis, left home at rather early ages. The twins, Lawrence and Clarence, stayed with their mother, and in 1911 they started a commercial fishing business. In 1916 they entered into a partnership with one Dr. Arscott, under the name of Mertz Brothers, for the purpose of continuing the fishing business. In 1920 they bought Dr. Arscott's interest in the partnership. Thereafter the other brother, Louis, returned home and acquired a one-third interest in the partnership. The three brothers continued the business as copartners until May, 1922, when Lawrence, a single man, died intestate.

In March, 1923, the mother, Mary Mertz, executed a will leaving her three daughters and her son, Louis, one dollar each, and the entire remainder of her estate, including real and personal property, to her son, defendant Clarence Mertz. At about the same time Clarence executed a will leaving his entire estate to his mother.

After the death of Lawrence in 1922, Louis and Clarence continued the commercial fishing business until November, 1925, when Clarence purchased Louis' interest in the partnership and its real and personal property for $4,000. They executed a certificate of dissolution of the partnership, but it was not filed. The estate of the deceased son, Lawrence, had not been probated, and in February, 1926, the mother filed a petition in probate court setting forth that at the time of his death Lawrence owned a one-third interest in three parcels of real estate in Rogers City and requesting a determination of his heirs at law. It appears that the real estate described in the petition included the home property, then occupied by Clarence and his mother, and also the real estate referred to as the dock property, which was used in the commercial

fishing business. In March, 1926, the probate court entered an order determining that Lawrence's father and mother were his heirs at law and entitled to inherit his interest in said real estate.

The father, Fritz Mertz, died in 1925, and in March, 1926, on petition of the mother, defendant Clarence Mertz was appointed administrator of his estate. He filed an inventory listing the father's estate as the owner of a one-sixth interest in the three parcels of property that had been included in the proceedings for the determination of the heirs of the son, Lawrence. No personal property was included in the inventory. However, it appears that in November, 1925, after the father's death, all his surviving children had executed an assignment of their respective interests in his estate to the mother, Mary Mertz. On August 2, 1926, an order was entered assigning the residue of both the real and personal estate of the father to the mother. At this point it reasonably appears that the mother was the owner of a one-third interest in the partnership and its property; that is, she had acquired a one-sixth interest by inheritance from her son, Lawrence, and a one-sixth interest from the estate of her husband, Fritz. On August 21, 1926, the mother executed a deed conveying to her son, Clarence, her interest in the same three parcels of land that had been included in the estates of her son, Lawrence, and her husband, Fritz, but she did not make a written conveyance to Clarence of her interest in the partnership business and personal property.

After acquiring his brother Louis' interest in 1925, Clarence continued the fishing business under the name of Mertz Brothers until April, 1933, when he filed a certificate of copartnership under the name Mertz Fisheries, but in which certificate he

listed himself as the only partner. Thereafter he continued the business under the name of Mertz Fisheries.

The mother died in April, 1938, at the age of 76. Her heirs at law were her three daughters and her son, Clarence, and three minor children of her deceased son, Louis. In April, 1940, about two years after her mother's death, plaintiff Elizabeth Mertz filed a petition for appointment as administratrix of her mother's estate. On May 28th of that year she was appointed and qualified as administratrix, and on June 15th began the present suit.

On June 28, 1940, defendant Clarence Mertz filed his mother's will of March, 1923, and petitioned for its admission to probate. The three daughters, Elizabeth (plaintiff), Cecelia and Theresa, and the three children of the deceased son, Louis, filed notice of contest and objections to the admission of said will on the ground, among others, that the mother's conveyance of her property to her son, Clarence, in 1926 operated as an implied revocation of her will. Act No. 288, chap. 2, § 9, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289-2[9], Stat. Ann. 1943 Rev. § 27.3178[79]). The will contest was certified to the circuit court for Presque Isle county and was heard by the circuit judge sitting without a jury. His opinion stated in part:

"I have said that the will was executed on March 23, 1923. Mary Mertz died on April 28, 1938. *On August 21, 1926, she deeded all of her property to her son, Clarence Mertz. She also transferred to him all of her personal property. The evidence in the case indicates that it was her intention to transfer to Clarence Mertz all of her property,* and the deed and the surrounding circumstances, as well, show conclusively that Mary Mertz intended to revoke the will that she made on March 23, 1923. The

deed operated as an absolute revocation of the will."

Judgment was entered for the contestants disallowing the mother's will, and no appeal was taken. It should be noted that the will contest case and the present case were not heard by the same circuit judge. Subsequent to the entry of judgment in the will case, defendants Clarence and Mildred Mertz filed an amended answer in the present suit, alleging in substance that the judicial determination that the mother had conveyed all her property to Clarence amounted to a determination that at the time of her death she did not have a partnership interest in the commercial fishing business and personal property.

On the trial of the present suit, the probate court files relating to the administration of the estates of Fritz and Mary Mertz, and the proceedings for the determination of the heirs of Lawrence Mertz, were put in evidence. The court reporter's transcript in the will contest case was presented in evidence and, by stipulation of counsel, was filed in this court but not included in the printed record. There was testimony showing that in 1909 a savings account had been opened in a Rogers City bank in the names of "Mary Mertz or Lawrence and Clarence Mertz or either of them." This account was opened with a deposit of $500, and the bank record shows deposits and withdrawals from time to time, and a balance of $3,791.98 at the time of Mary Mertz's death in 1938. Clarence testified that after the fishing business was started, deposits in the joint savings account were made from the business. He further said that his mother had free access to and made all withdrawals from the account, and that he made no withdrawals in her lifetime. The record of the account indicates that during the pe-

riod from 1922 to 1933 there was at all times more than $3,000 on deposit and at times in 1926 and 1927 more than $7,000. Shortly after the mother's death, Clarence withdrew the balance in the joint account, and plaintiff apparently does not question such withdrawal.

In her testimony plaintiff Elizabeth Mertz claimed, in general, that her mother had a partnership interest in the commercial fishing business, but her only material statement on this point was, "I have heard Clarence tell they were all in business together. He always said my mother had an interest in the fishing business." One Walter Scott, the husband of Cecelia Mertz, testified that some time in 1923 he talked with defendant Clarence Mertz about their going into the trap net fishing business together and that Clarence said, "Now, Walter, you will have to be awful careful with this money, because half of this money belongs to my mother." A friend of Mary Mertz who visited her in Rogers City shortly before her death testified in part:

"*Q.* What was that conversation with Mrs. Mertz in relation to family matters?

"*A.* I asked her how she felt. She said, 'I am not feeling good. I don't think I will last very long. But,' she says, 'I have got everything fixed. Everybody is going to get their share, all the girls.'"

The record indicates that the relationship between the mother and her sons, Lawrence and Clarence, was very friendly. The two boys apparently stood loyally by their mother and, as their business prospered, they provided her with a home and with ample means. Lawrence never married and lived with his mother until he died in 1922. Clarence

lived with her until he married defendant Mildred Mertz in 1929, when he was about 40 years old. After his marriage he provided his mother with a home in Rogers City and with funds for her support. The letters of Mary Mertz indicate that she had little education. She did not participate in the management or conduct of the fishing business, but apparently devoted her life to supporting and rearing her family and in making a home for Lawrence and Clarence. Clarence said that his mother knew nothing about the fishing business, that she had no interest in it, that he did not consult her, and that he owned and took care of the business himself.

At the conclusion of plaintiff's proofs defendants moved to dismiss the bill of complaint on the ground, among others, that plaintiff had failed to establish that the estate of Mary Mertz owned a partnership interest in the commercial fishing business and, therefore, was not entitled to an accounting. Defendants put in no proofs. The trial court reserved decision on their motion to dismiss, and it was agreed that if the motion was denied, they would be given an opportunity to present their proofs. The trial court later entered an opinion and a decree determining that plaintiff had not established ownership of a partnership interest in the business and dismissing her bill of complaint. Plaintiff appeals from such decree, and, this being a chancery case, we review *de novo.*

The burden was upon plaintiff to establish that at the time of her death the mother, Mary Mertz, owned a partnership interest in the commercial fishing business and personal property. If the mother did not own a partnership interest, plaintiff is not entitled to an accounting. In *Grund* v. *First*

*National Bank of Petoskey,* 209 Mich. 613, 615, we said:

"Where a trustee is called upon in a court of equity to account for the funds received by him as trustee, and the trusteeship is admitted or established, the duty rests upon the trustee to so account, and the burden of proof is upon him to establish the correctness of the account; but where a plaintiff claims the trust relation exists, and this is denied by the defendant, or the plaintiff claims a certain contract was entered into which, if entered into, would establish a trust relation, and the defendant denies such contract was entered into but insists that another contract was entered into, one which did not create the trust relation, in such case *the burden is upon the plaintiff to establish the trust relation, or the contract creating such trust relation, before he casts upon the defendant the burden of an accounting. In other words, plaintiff cannot by claiming that the trust relation exists cast the burden of proof upon the defendant.*"

As hereinbefore stated, the mother had acquired a one-third interest in the partnership and its property from her son, Lawrence, and her husband, Fritz. By her deed of August 21, 1926, she conveyed her interest in the real estate to Clarence. She did not make written conveyance to Clarence of her interest in the partnership business and personal property, but in the will contest case he testified in substance that his mother had given him her interest in the partnership and personal property. In the will contest Elizabeth Mertz and all heirs of the mother, except Clarence, objected to the admission of the mother's will to probate on the ground that her conveyance of her property to Clarence in 1926 operated as an implied revocation of her will of March, 1923. In that case contestants' counsel,

who is also plaintiff's counsel in the present case, stated their position in part as follows:

"But I do claim that this subsequent pleading and the testimony show conclusively that the mother thought this will was ineffective, and her whole interest was transferred under the deed of August 26th (to Clarence), and that, in connection with the subsequent events, prove[s] conclusively that there was an implied revocation of this will."

In other words, Elizabeth Mertz and other contestants in the will case defeated the mother's will on the theory that she had conveyed all her property to Clarence. The circuit court agreed with the contestants and in his opinion stated: "She deeded all of her property to her son, Clarence Mertz. She also transferred to him all of her personal property." Now in the present case Elizabeth Mertz, as administratrix of her mother's estate, reverses her position and claims that the mother never conveyed her interest in the partnership and personal property to Clarence. These claims and contentions are entirely inconsistent. As said Elizabeth Mertz and the other heirs defeated the mother's will on the theory that she had revoked it by conveying all her property to Clarence, plaintiff is estopped from now asserting that the mother did not convey all her property to Clarence. In the case of *Fifield* v. *Edwards,* 39 Mich. 264, Mr. Justice Cooley said in part:

"The estoppel does not depend upon the question whether justice was done in the first suit, but upon the merits having once been considered and passed upon.  *  *  *

"The estoppel does not depend upon technicalities, but rests in broad principles of justice."

See, also, *Jacobson* v. *Miller,* 41 Mich. 90. In the case of *Washburn* v. *Peck,* 245 Mich. 351, we said:

"*One may not take contradictory positions in asserting a right in court, if the assertion of plaintiff's right in the first case involves a negation of the right as claimed in the second case. Thompson* v. *Howard,* 31 Mich. 309; *Black* v. *Miller,* 75 Mich. 323; *Mintz* v. *Jacob,* 163 Mich. 280; *Brewster Loud Lumber Co.* v. *General Builders' Supply Co.,* 233 Mich. 633; *Willard* v. *Shekell,* 236 Mich. 197."

In *Billingsley* v. *Gulick,* 256 Mich. 606, 608 (79 A. L. R. 166), we said:

"One cannot take inconsistent positions in the trial of a case. Where an admission is made on one trial, the admitting party, on a second trial, is estopped from taking a position inconsistent with that taken on the first trial. *Connor* v. *Railway Co.,* 168 Mich. 29; *Johnston* v. *Cornelius,* 200 Mich. 209 (L. R. A. 1918 D, 880); *Harrington* v. *Interstate Business Men's Accident Ass'n,* 210 Mich. 327; *Hassberger* v. *General Builders' Supply Co.,* 213 Mich. 489, 495."

See, also, *Noto* v. *Acme Truck Sales & Service Co.,* 270 Mich. 394; *Michaelson* v. *Simula,* 264 Mich. 457; *Bunnell* v. *Ward,* 241 Mich. 404; *Hunt* v. *Stevens,* 174 Mich. 501; *Cline* v. *Wixson,* 128 Mich. 255; *Thompson* v. *Howard,* 31 Mich. 309.

In Bigelow on Estoppel (6th Ed.), pp. 732, 783, 789, it is stated:

"A party cannot either in the course of litigation or in dealings *in pais* occupy inconsistent positions. Upon that rule election is founded; 'a man shall not be allowed,' in the language of the Scotch law, 'to approbate and reprobate.' And where a man has an election between several inconsistent courses of action, he will be confined to that which he first adopts. * * *

"If parties in court were permitted to assume inconsistent positions in the trial of their causes, the usefulness of courts of justice would in most cases be paralyzed; the coercive process of the law, available only between those who consented to its exercise, could be set at naught by all. But the rights of all men, honest and dishonest, are in the keeping of the courts, and consistency of proceeding is therefore required of all those who come or are brought before them.

"It may accordingly be laid down as a broad proposition that one who, without mistake induced by the opposite party, has taken a particular position deliberately in the course of a litigation must act consistently with it; one cannot play fast and loose.	*	*	*

"The principle under consideration will apply to another suit than the one in which the action was taken, where the second suit grows out of the judgment in the first."

We agree with the trial court, who said in his opinion in the present case:

"The contestants in the will case were all of the heirs of Mary Mertz, deceased, except Clarence Mertz, the proponent. The contestants successfully persuaded the trial court that the will had been revoked by implication after its execution in 1923, because Mary Mertz in 1926 conveyed all the property she possessed, real and personal, to Clarence. If this be true, when after that date did she reacquire any interest in the copartnership? The record is silent. Having successfully asserted in one case in this court what in effect amounted to a declaration that all of Mary Mertz' rights, either individually or as an heir of Lawrence, terminated by her conveyances in 1926, these parties are and should be estopped from now asserting that the copartnership and any rights growing out of such, still exist. If there are assets in the estate, the will is in full

force and effect; if not, the administratrix who represents only the heirs, is and should be estopped to deny as to Clarence Mertz, that the facts presented to this court in the former trial are untrue. To permit it would make a mockery of legal proceedings, and be a travesty upon justice.''

Plaintiff further claims in substance that Clarence, with the aid of his attorney, carried out a course of transactions and dealings for the intended purpose of concealing from his mother the fact that she had a partnership interest in the commercial fishing business and personal property, and for the intended purpose of deceiving, defrauding and depriving her of her partnership interest. It would serve no purpose to discuss in detail the evidence relative to Clarence's conduct of the fishing business, his administration of his father's estate or his dealings with his mother. Suffice it to say that we have carefully examined the record and find no evidence sustaining plaintiff's claims or justifying the conclusion that Clarence had deceived and defrauded his mother. The record is convincing that the mother, in her lifetime, intended to convey and did convey to Clarence her entire interest in the business and in the real and personal property. Having failed to establish that her mother, at the time of her death, owned an interest in the business and property, plaintiff is not entitled to an accounting.

Plaintiff argues at length regarding the mother's rights as a partner and as to Clarence's obligations as a surviving partner under the uniform partnership act (2 Comp. Laws 1929, § 9841 *et seq.* [Stat. Ann. § 20.1 *et seq.*]). In view of our decision that the mother did not own an interest in the partnership and personal property at the time of her death, these arguments are not material. Other questions presented do not require consideration.

The decree of the trial court dismissing plaintiff's bill is affirmed. Defendants may recover costs of both courts.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.