SPITZLEY *v.* GARRISON.

1. JUDGMENT—ISSUES RAISED—APPEAL—ENTITLED TO JUDGMENT OF APPELLATE COURT.
Where plaintiffs appealed to the Supreme Court from the decision of the chancellor on several distinct issues adjudicated by him, they were entitled to the judgment of this court upon each question raised.

2. SAME—REHEARING—DENIAL—RES JUDICATA.
Where the decision of the Supreme Court was expressly confined to one of the questions raised, and plaintiffs moved for a rehearing, challenging the court's attention to the undetermined questions, and the rehearing was denied, *held*, that such denial must be construed as settling said questions adversely to plaintiffs.

Appeal from Wayne; Hosmer (George S.), J. Submitted October 7, 1919. (Docket No. 1.) Decided December 22, 1919.

Bill by Henry Spitzley and another against Earl D. Garrison and others to set aside a sale on execution, and for an accounting. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Prentis & Mulford,* for plaintiffs.

*Walker & Spalding,* for defendants.

BIRD, C. J. This litigation had its beginning in a suit brought by plaintiffs in 1904 against John W. Garrison, the father of defendant Earl D. Garrison, and one Rivard, to recover on certain promissory notes made by Rivard and indorsed by Garrison. The litigation lasted for some time, it finally being concluded in April, 1909, in favor of plaintiffs. In October, 1905, and while the foregoing suit was pending, Fran-

ces Nolan, the mother of John W. Garrison, brought suit against her son to obtain a reconveyance of lots 4 and 5, situate at the northwest corner of Woodward and Baltimore avenues, in the city of Detroit, on the ground that they belonged to her, she claiming that they were conveyed to her son as a matter of convenience in managing her property interests while she was absent from the State. At the conclusion of this litigation she was declared to be the owner thereof and a decree was made ordering a reconveyance. It was also decreed that she was entitled to recover from the said John W. Garrison the sum of $23,611.11, on account of the rents therefrom which he had collected and failed to turn over. This decree was afterwards reviewed by this court and affirmed. *Nolan* v. *Garrison,* 151 Mich. 138. After the last-mentioned case was decided but before its conclusion in this court, Frances Nolan caused a levy to be made on an estate in remainder which John W. Garrison owned in certain property at the corner of Cass and Jefferson avenues, and in which she had a life estate, for the purpose of satisfying her money decree. The same was sold at execution sale and bid in by her for the sum of $8,000. After the sale, she sold one-half of the fee thereof to defendants Lasiers and Hubbard and they subsequently mortgaged the same to defendant Harper Hospital, incorporated.

In June, 1911, the plaintiffs filed a bill against Frances Nolan and made the other defendants herein parties defendant, alleging in substance:

(1) That the title to lots 4 and 5 at the corner of Baltimore and Woodward avenues was in John W. Garrison, that he was the real owner thereof, and that the decree which the mother obtained ordering a reconveyance of these lots was fraudulently obtained.

(2) That even if said lots 4 and 5 did not actually belong to John W. Garrison, the mother permitted the title thereof to stand in his name, and he obtained

credit on the strength thereof, and that she should be estopped, as against the creditors of John W. Garrison, in claiming that the property was hers.

(3) That the execution sale to satisfy the money decree of Mrs. Nolan on the Cass and Jefferson avenue property was invalid for the reason that John W. Garrison was, at the time, mentally incompetent to manage and care for his property, and was under guardianship.

(4) That defendant trust company had funds which it held in trust belonging to the estate of John W. Garrison, which should be applied to plaintiffs' judgment.

The defendants in this suit answered and the foregoing claims were made contested issues in the case. The case was heard by Honorable George S. Hosmer of the Wayne circuit court, and he made a holding upon each one of these propositions. His conclusions will be found in the opinion of Mr. Justice KUHN, which is reported as *Spitzley* v. *Garrison,* 201 Mich. at page 363. The conclusion of the chancellor was that plaintiffs were not entitled to recover, and he, therefore, dismissed their bill. The matter was then presented to this court and was affirmed, the affirmance being placed upon one ground only. In this connection the opinion says:

"After an exhaustive examination of this very voluminous record, we are well satisfied that a decision of the case may very well rest upon the second point, to wit: That there is no evidence upon which the court might properly conclude that the decree in the case of *Nolan* v. *Garrison,* 151 Mich. 138, which was affirmed by this court, was obtained by fraud and collusion."

Following the affirmance of the decision by this court an application for a rehearing was made by plaintiffs in which the attention of this court was called to the fact that while it had disposed of propositions (one) and (two), involving the fraud as to

the Woodward and Baltimore avenue lots, it had not
determined the other questions, namely: The validity
of the execution sale and the determination as to
whether the Detroit Trust Company had trust funds
in its hands belonging to John W. Garrison. This
application was subsequently denied.

Plaintiffs then filed the bill in this case in which
they set up substantially the same matters that were
set up in the first bill, omitting the charges of fraud
with reference to the Woodward and Baltimore ave-
nue property, and insisting and asking for a determi-
nation of the questions as to whether the execution
sale was a valid one and whether the defendant trust
company held trust funds belonging to John W. Gar-
rison estate. Defendants answered this bill claiming,
among other things, that those questions had been de-
termined by the former litigation, and when the case
came on for hearing, upon motion of defendants' coun-
sel, a preliminary hearing was held under Circuit Court
Rule No. 25, resulting in a holding by the chancellor
that the former case was *res judicata* of the issues in
the present one, and the bill was dismissed. Plaintiffs
are in this court again insisting that the undetermined
questions raised by the former case, and which are
again raised in this case, should be determined by this
court.

It is argued by defendants that these questions were
all in issue in the former case, that they were con-
tested and adjudicated in the trial court, and that
while this court, on appeal, placed its decision upon
only one ground, there was subsequently filed an ap-
plication for a rehearing, and the court's attention
was challenged to the undetermined questions. That
notwithstanding this the court denied the application
and, therefore, the whole case was disposed of ad-
versely to plaintiffs' contentions.

The following rule has been laid down for testing

the question as to whether a matter of law or fact was *res judicata:*

"A matter or question, either of law or fact, is *res judicata,* or set at rest, as to adverse parties and their respective privies, if it was a material issue in the proceeding, directly involved, and not merely incidentally cognizable nor collaterally in question, and was adjudicated after a contest, by final judgment on the merits." 1 Van Fleet's Former Adjudication, p. 2, approved in *LeRoy* v. *Collins,* 165 Mich. 380.

It appears to be conceded that the questions of the validity of the execution sale and the question affecting the trust company were in issue and were material issues in the trial court, and that they were adjudicated after a contest by a final judgment on the merits. Therefore, we must conclude that the adjudication in the trial court was full and final upon all of the material questions raised. But can it be said that there was an adjudication of these undetermined questions in this court? The decision in this court was expressly confined to the one question, and that was the question of fraud. The questions of fraud were distinct, having no such relation to the other questions as that a decision thereon would affect the remaining questions. The questions were squarely raised and plaintiffs were entitled to the judgment of this court on each one of them. Thus far we think plaintiffs' contention is right. But following this an application for a rehearing was made and this court's attention was expressly challenged to those undetermined questions, and after a consideration thereof the application for rehearing was denied. This can be construed in no other reasonable way than that this court refused to give plaintiffs any relief upon those undetermined questions. It is quite possible that it would have been better had we written something upon the denial of the application for rehearing, but in the hurry of the work it was not done. We think

the denial of the application for rehearing must be construed as settling the two questions in controversy adversely to plaintiffs' contention.

The view taken by the chancellor must be sustained and the decree affirmed. No question of practice is involved.

SHARPE, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.