MAJEWSKI *v.* MARTIN BROTHERS BARREL & BOX CO.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — EVI-DENCE—LETTER—ADMISSIONS AGAINST INTEREST.
   In determining an injured employee's right to compensation under the workmen's compensation act, the department of labor and industry may consider a letter written to it by the employer, or his attorney acting for him, as admissions against interest.[1]

2. SAME—ESTOPPEL.
   Where an employer, doing business in Michigan and Ohio, defeated an injured employee's claim for compensation in Ohio on the ground that he was under the Michigan workmen's compensation act, it may not thereafter defeat his claim in Michigan on the ground that he is under the Ohio act.[2]

Certiorari to Department of Labor and Industry. Submitted October 8, 1924.    (Docket No. 29.)    Decided April 10, 1925.

Dan Majewski presented his claim for compensation against the Martin Brothers Barrel & Box Company for an accidental injury in defendant's employ. From an order awarding compensation, defendant and the Michigan Mutual Liability Company, insurer, bring certiorari.    Affirmed.

*L. J. Carey,* for appellants.

*Urbanski & Rupp,* for appellee.

---

[1] Workmen's Compensation Acts, C. J. § 113 (1926 Anno); [2] Estoppel, 21 C. J. § 234.

FELLOWS, J.    Defendant Martin Brothers Barrel
& Box Company is an Ohio corporation with its prin-
cipal place of business at Toledo.    It has a branch
in Detroit.    The Toledo end of the business operates
under the workmen's compensation law of Ohio, and
the Michigan end of the business under our act.    As
a part of its activities it operates trucks between
Toledo and Detroit and between these points and other
places.    The Detroit branch needed a truck driver
and asked the Toledo office to employ one.    The Toledo
office hired plaintiff and he was placed on the Detroit
pay roll; he was to take out a load on a Columbia
truck soon to arrive from Detroit.    When the truck
arrived in Toledo it needed repairs before starting
back.    Plaintiff worked on it several days and then,
while getting the load in shape, a piece of steel flew
into his eye causing its loss.    The defense to his claim
for compensation here before us for review is that
his contract of employment was not a Michigan con-
tract and he was not a resident of this State.

In the opinion of the commission, a copy of which
is made part of the return, appears a letter written
by the attorneys for defendant who represented it at
the hearing, apparently written for the purpose of
giving the commission information on a subject which
arose on the hearing.    We have on numerous oc-
casions held that the commission may consider reports
of accidents made by the employer as admissions
against interest and we see no reason why the same
rule should not apply to a letter written by the em-
ployer or his attorney acting for him.    It becomes
part of the files and emanates from the employer.
Having voluntarily given the commission information
in writing, the employer can not complain because
the commission considers it.    From this letter it
appears that plaintiff filed his claim for compensation
with the industrial commission of Ohio and was de-
feated on the ground that he was "not an employee

under the Ohio act but was subject to the Michigan jurisdiction" and, therefore, the Ohio commission did not have jurisdiction.     Having defeated plaintiff's claim for compensation in Ohio on the ground that he was under the Michigan act, may defendant be heard to say in this proceeding that he can not recover because he is not under the Michigan act but was under the Ohio act?     I think not.     In *Hassberger* v. *Supply Co.*, 213 Mich. 489, $3,750 had been paid by plaintiff on a contract; he tendered the balance and demanded performance; this was refused and he filed a bill for specific performance.     Defendant insisted that plaintiff was not entitled to that relief as the contract was unenforceable and void.     Plaintiff thereupon dismissed his bill and brought an action at law to recover the money paid.     Defendant in that action sought to defeat recovery on the ground that the contract was valid.     We there said:

"In the instant case defendant succeeded in defeating an action for specific performance on the ground that no valid contract existed between it and the plaintiff.     If this was true, it held some $3,750 of plaintiff's money to which it had no right.     For the purpose of defeating an action now brought to recover this money it changes front, and seeks to insist that there is a valid contract subsisting between it and plaintiff.     It is fortunate for the due administration of justice that the rules of law will not permit this to be done."

I think defendant is estopped from now claiming that the parties are not under the Michigan act, and that the award should stand affirmed for this reason.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.