BESONEN v. CAMPBELL.

1. APPEAL AND ERROR—JUDGMENT AMENDABLE IN SUPREME COURT.
   Where, in an action for the death of plaintiff's decedent, the declaration counted on both the survival and the death acts, and the jury, in answer to a special question, found that death was instantaneous, error of the jury in failing to find in conformity therewith, and in finding that defendants were "guilty in manner and form" as charged, *held*, not to justify reversal, since the judgment may be amended in the Supreme Court.

2. MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — INSURER MAKES DEFENSE FOR EMPLOYER.
   In proceedings before the department of labor and industry, under the workmen's compensation act, the insurance company makes the defense for the employer, unless the latter carries his own risk.

3. SAME—DECISIONS OF DEPARTMENT OF LABOR AND INDUSTRY RES ADJUDICATA.
   While the department of labor and industry is not a court, the doctrine of *res adjudicata* applies to its proceedings,

As to whether one employing a minor under the statutory age may rely on contributory negligence to defeat liability for personal injuries sustained by the child, see annotation in 12 L. R. A. (N. S.) 461; 20 L. R. A. (N. S.) 876; 48 L. R. A. (N. S.) 667.

243—Mich.—14.

and its decisions are binding on the applicant, the employer, and the insurance company.

4. SAME—EMPLOYERS DEFEATING CLAIM FOR DEATH OF MINOR ON GROUND THAT OCCUPATION WAS HAZARDOUS ARE ESTOPPED FROM CLAIMING CONTRARY IN ACTION AT LAW.

Where employers defeated a claim under the workmen's compensation act for the death of a youth under 18 years of age on the ground that the employment was illegal because hazardous (section 11, Act No. 206, Pub. Acts 1923), they are estopped, in an action at law, from claiming that it was not hazardous.

5. SAME—EMPLOYMENT OF MINOR IN VIOLATION OF LAW IS NEGLIGENCE—EMPLOYERS LIABLE.

The employment of a minor in violation of the child labor act is in and of itself negligence, and renders the employer liable, and the trial judge would be justified in charging that the employers are negligent as matter of law.

6. SAME—DEFENSE OF CONTRIBUTORY NEGLIGENCE AVAILABLE.

In an action for the death of a minor while employed in a hazardous occupation in violation of section 11, Act No. 206, Pub. Acts 1923, the defense of contributory negligence is available.

7. SAME — CONSENT OF PARENTS NOT CONTRIBUTORY NEGLIGENCE WHERE THEY UNDERSTOOD EMPLOYMENT WAS NOT DANGEROUS.

Contributory negligence of the parents of decedent in consenting to his employment, held, not established as matter of law, where they testified that they consented on the understanding that the employment was for the same work he had done before when employed by defendants, which was not dangerous.

Error to Ontonagon; Driscoll (George O.), J. Submitted January 10, 1928. (Docket No. 137, Calendar No. 33,182.) Resubmitted May 4, 1928. Decided June 22, 1928.

Case by Gabriel Besonen, administrator of the estate of Arnold Besonen, deceased, against William Campbell and Ed. Cameron, copartners as Campbell & Cameron,

for the negligent killing of plaintiff's decedent.     Judgment for plaintiff.     Defendants bring error.     Affirmed.

*Doyle, Doyle & Doyle,* for appellants.

*Van Slyck & Bay* (*Derham & Derham,* of counsel), for appellee.

FELLOWS, J.     Plaintiff counts in his declaration as amended on both the survival act and the death act. Deceased was his son under the age of 18 and was employed by defendant, it is alleged, in a hazardous employment contrary to the provisions of section 11, Act No. 206, Pub. Acts 1923.     In answer to a special question, the jury found that deceased died instantaneously, although the judgment entry recites that the jury found defendants "guilty in manner and form as the plaintiff in his declaration in this cause has complained."     Defendants' counsel insist that the judgment so entered is incongruous; that recovery can not be had under both counts.     There is force in this contention, but the judgment may be there or here amended, and the error does not justify reversal on this ground.     The trial judge submitted to the jury the question of defendants' negligence, the contributory negligence of decedent and his parents, and the question of whether deceased was employed in hazardous employment.     Plaintiff recovered in the sum of $1,700.

1. It is strenuously urged that we should hold as matter of law that the deceased was not employed in a hazardous employment.     Defendants were engaged in lumbering operations, and deceased was "swamping," cutting underbrush and the smaller trees.     Upon the trial, plaintiff offered to show by the proceedings before the department of labor and industry that defendant had escaped liability under the workmen's compensation act on the ground that the work was

hazardous and hence not within the provisions of that act. The court sent the jury out and listened to arguments and declined to permit the evidence to go to the jury. It is apparent, however, from the records, that the trial judge considered it as properly before him, as he took it into consideration in deciding the motion for judgment *non obstante veredicto*, and held that defendants, having defeated recovery of compensation before the department of labor and industry on the ground that the work in which deceased was employed was hazardous, could not change front and defeat recovery in this action on the ground that the work was not hazardous; that they were estopped from making such claim. The proceedings before the department are not printed as exhibits in the record, but their substance is stated. It seems quite clear from the record that the exhibits were handed up to the trial judge, at least the trial judge in his opinion denying the motion for judgment *non obstante veredicto* discussed the proceedings as if he had evidence of them before him. Compensation was denied by the commission on the ground that deceased was illegally employed. It should also be conceded that defendants' counsel are also correct in the assertion in their brief that this defense was made by the insurer of defendants. But unless the employer carries his own risk, it is the universal practice that the insurance company makes the defense for the employer in proceedings before that department. While it is not a court, the doctrine of *res adjudicata* applies to its proceedings, and its decisions are binding on the applicant, the employer, and the insurance company. *Lumberman's Mutual Casualty Co.* v. *Bissell,* 220 Mich. 352 (28 A. L. R. 874). Having defeated the recovery of compensation on the ground that the employment was illegal because hazardous, defendants are estopped to

here claim the contrary, that it was not hazardous. *Majewski* v. *Barrel & Box Co.,* 230 Mich. 548.

2. The employment of a minor in violation of the child labor act is in and of itself negligence, and renders the employer liable. In *Kruczkowski* v. *Polonia Publishing Co.,* 203 Mich. 211, Mr. Justice STONE, speaking for the court, said:

"The law not only discourages, but prohibits the employment of children in hazardous employments. It is casting no disparagement upon the workmen's compensation law to hold that its provisions were not intended to apply to children who are unlawfully set at work in hazardous employments; and that when they are injured in such employments, without fault or negligence on their part, that they should have the benefit of a common-law action against the wrong-doer, where the defenses of assumption of risk and negligence of a fellow-servant are not available to a defendant. Such a holding will, in our opinion, have a tendency to discourage such illegal employment, and be a benefit to the minor.

"The following decisions of this court are to the effect that the neglect or violation of a statutory duty by an employer is itself actionable negligence; and that as the assumption of risk is the result of a contract of employment, and the employer cannot legally contract to violate a statute, the servant does not assume the risk due to the omission of a statutory duty on the part of the employer" (citing authorities).

In *Gee* v. *Brunt,* 214 Mich. 679, Chief Justice STEERE, likewise speaking for the court, said:

"There was certainly sufficient evidence in this case tending to show plaintiff's employment was hazardous to carry the question to a jury, and, if so, his employment at such work without approval by the department of labor was in violation of law, constituting actionable negligence."

And Mr. Justice WIEST, who wrote for the court in *Grand Rapids Trust Co.* v. *Petersen Beverage Co.,* 219 Mich. 208, said:

"We are of opinion the court committed no error in holding the unlawful employment the proximate cause of the accident. The employment of this boy, in violation of the child labor law, was sufficient evidence of the defendant's negligence, and the injury having occurred in the course of the service of the boy under such unlawful employment was enough in itself to show a causal connection and the law will refer the injury to the original wrong as its proximate cause."

See, also, the authorities cited in these cases and *Szelag* v. *Jordan*, 223 Mich. 672. The trial judge submitted the question of defendants' negligence to the jury. This was more favorable to them than they were entitled to. He would have been justified, under the holdings of this court, in charging that defendants were negligent as matter of law.

3. The defense of contributory negligence is open to defendants in this character of cases. *Gwitt* v. *Foss*, 230 Mich. 8; *Brancheau* v. *Monroe Binder Board Co.*, 229 Mich. 681. The record discloses no negligence on the part of deceased. But defendants' counsel insist that the recovery being under the death act the contributory negligence of the parents bars such recovery. *Feldman* v. *Railway*, 162 Mich. 486; *Flintoff* v. *Lighting Co.*, 208 Mich. 527; *McCann* v. *City of Detroit*, 234 Mich. 268. Counsel for defendants most vigorously insist that the contributory negligence of the parents is indisputably established, and that a verdict for defendants should have been directed on the death count on this ground. They insist that the consent of the parents to the employment would constitute contributory negligence as matter of law, and further insist that such consent is established without dispute. We need not decide whether such consent would, as matter of law, constitute contributory negligence, as we are satisfied that the evidence is not all one way that the parents consented to the employment deceased was engaged in when he met his death.

Under a skillful cross-examination both parents testified that they wanted the boy to work; that they were in need of his wages. But it appeared that the season before deceased worked for defendants. What his work was is in dispute. The plaintiff, father of deceased, gave testimony tending to show that the work the season before was not hazardous. He also testified that he understood the employment was for the same work he had done before, that he "knew Mr. Campbell wouldn't put him in dangerous work." Manifestly, consent to employment at nonhazardous work is not consent to employment at hazardous work. The trial judge did not err in refusing to direct a verdict on this ground. Nor can it be said that the verdict is against the overwhelming weight of the evidence.

The judgment will be affirmed.

FEAD, C. J., and NORTH, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.