CHATHAM-TRENARY LAND CO. *v.* SWIGART.

1. ESTOPPEL—INCONSISTENT POSITIONS—SPLITTING CAUSE OF ACTION.
Where defendants, in an action brought after close of the first year for breach of contract to sell at least 3,000 acres of plaintiff's land each year until all was disposed of, objected to adjudication of total damages for breach of the contract, and recovery was limited by the court to damages for the breach for the first year, they are estopped from taking an inconsistent position before the court and claiming, in an action to recover the damages for the succeeding years, the benefit of the rule against splitting causes of action.

2. JUDGMENT—DEFENSE OF RES ADJUDICATA MUST BE PLEADED IN
BAR.

> The defense of *res adjudicata* must be pleaded in bar and cannot be raised by motion to dismiss.

Error to Marquette; Bell (Frank A.), J. Submitted October 11, 1928. (Docket No. 20, Calendar No. 33,883.) Decided January 7, 1929.

Assumpsit by the Chatham-Trenary Land Company against George W. Swigart and others for breach of a land contract. Judgment granting a motion to dismiss. Plaintiff brings error. Reversed.

*Ryall & Frost,* for appellant.

*Howard L. Campbell (Bernard J. Onen* and *Horace M. Mechem,* of counsel), for appellees.

NORTH, C. J. The plaintiff herein, being the owner of 16,880 acres of land in Alger county, Michigan, entered into a contract on December 4, 1920, with George W. Swigart in behalf of himself and the other defendants whereby the defendants undertook to sell plaintiff's land. The contract contained these provisions:

"10th. It is considered for the interest of both parties that sales of the lands embraced in the annexed schedule be made as speedily as possible, and to that end the second party agrees that by December 31, 1921, he will have sold at least three thousand (3,000) acres and thereafter, that he will sell at least three thousand (3000) acres in each year until all shall be disposed of.   *   *   *

"11th. In case, however, there shall be default in respect to the amount of land sold, or contracted

to be sold before December 31, 1921, and the amount to be sold by second party each year thereafter, as in clause 10 provided, it shall be optional with first party to declare this contract forfeited as provided in clause 12."

The defendants herein failed to sell 3,000 acres of land by December 31, 1921, as required by the contract. Instead they had disposed of only 839 acres, and thereupon the plaintiff filed a bill for specific performance on the 14th day of January, 1922, whereby it sought to have the defendants compelled to purchase from it the balance of the 3,000 acres. Specific performance was denied by the trial court, and upon appeal to this court the decree in that particular was affirmed. *Chatham-Trenary Land Co.* v. *Swigart,* 220 Mich. 137. The suit was transferred from the chancery to the law side of the circuit court of Alger county. The plaintiff filed a declaration to which the defendants pleaded the general issue and gave notice of special defenses. The declaration as framed by the plaintiff alleged a right to recover both on the theory of a total abandonment of the contract by the defendants and also on the theory of a breach of the contract by reason of the defendants' failure to sell the specified acreage during the year 1921. The record discloses that much consideration was given by the court and counsel to the question as to what was the proper theory upon which the plaintiff's case should be submitted to the jury. The trial court held that there was no evidence of a total abandonment of the contract by the defendants prior to the date upon which suit was brought (November 29, 1922). It was also held by the trial court, notwithstanding the breach of the contract by the defendants in failing to sell the required acreage during the year 1921, that the dam-

ages which the plaintiff might recover in that suit
were limited to such as it had sustained by reason of
the defendants' failure to sell 3,000 acres by Decem-
ber 31, 1921. This position was taken notwithstand-
ing the offer of the plaintiff to show by competent
proof what damages it would suffer by reason of the
contract being terminated by defendants' breach
thereof and the consequent failure to sell the remain-
ing portion of the land. Plaintiff's offer seems to
have been rejected on the ground that the contract
was divisible on the basis of the minimum acreage
required to be sold annually, and therefore the de-
fendants were in default only to the extent of their
failure to sell the specified acreage in 1921. On
May 15, 1924, the jury rendered a verdict in favor
of the plaintiff for nominal damages only. Neither
party appealed.

April 30, 1925, the plaintiff filed a declaration in
the circuit court of Marquette county, Michigan, in
the instant case; and it alleges its right to recover
damages in consequence of the defendants' total
abandonment of the contract hereinbefore men-
tioned, which is alleged to have occurred on the 31st
day of December, 1924, and also to recover damages
for the breach of the contract because of defendants'
failure to sell the stipulated amount of acreage dur-
ing each of the years 1922, 1923, and 1924. The de-
fendants moved to dismiss the plaintiff's declaration
on the ground that the verdict and judgment ren-
dered in the circuit court in Alger county is *res ad-
judicata* of the issues presented in this case. This
motion was granted, and the plaintiff reviews by
writ of error.

The record conclusively shows that incident to
the trial of the case in Alger county the circuit judge

ruled adversely to the claim of the plaintiff in holding:

(1) There was no evidence tending to establish total abandonment of the contract by the defendants before that suit was instituted, and

(2) That notwithstanding defendants' breach of the contract by failing to sell 3,000 acres of land in 1921, the contract was "severable and the plaintiff is entitled to maintain and recover in this case only as to the value of the sale during 1921."

After an extended consultation between the court and counsel, plaintiff's attorney said:

"Then do I understand that your honor is going to limit the damages to the 2,200 acres or thereabouts not sold in 1921?

"The Court: Yes."

Plaintiff's counsel had urged that the record was such "as to justify the bringing of one action and the recovery of one set of damages for the entire breach of the contract." Its offer to prove damages for the years 1922, 1923, and 1924 was objected to by defendants' counsel and the objection was sustained. The ground of this objection was not made very specific, but it conclusively appears from the record that the defendants were seeking to exclude from consideration and adjudication in the Alger county case plaintiff's claim for damages resulting from the total breach of this contract; and the defendants were successful in having the court confine recovery in that case to damages for failure to sell 3,000 acres in 1921. In their briefs the defendants assert that plaintiff did not recover damages for the years subsequent to 1921 because of plaintiff's failure to make the necessary proof. The record does not sustain this contention. Plaintiff's offer to make the proof was objected to by the defendants and the

objection was sustained by the court. If the court's ruling by which recovery was confined to 1921 was correct on the ground that the contract was severable, the objection of *res adjudicata* now urged is not well founded. There is no claim that plaintiff's right of action for damages because of the failure of the defendants to sell plaintiff's land other than the 3,000 acres apportioned to 1921 has been adjudicated upon its merits; but the defendants now assert as a reason in support of their motion to dismiss:

"That the contract sued upon in this case is entire and indivisible, and the election of plaintiffs to commence suit in Alger county, Michigan, for a breach of said contract prohibits it from now suing defendants for an alleged breach of the same contract."

This contention is directly opposite to the position taken by the defendants in the Alger county suit wherein they successfully objected to the introduction of proof by which the plaintiff sought to show its damages for the years subsequent to 1921. The admissibility of this proof was urged by plaintiff's counsel on the ground that it should be allowed "the recovery of one set of damages for the entire breach of the contract." If the ruling of the trial court in confining recovery to 1921 was wrong, it resulted in nothing more than an improper splitting of plaintiff's cause of action. The primary reason for the rule against splitting a cause of action is that the defendant should not be unreasonably harassed by a multiplicity of suits. Here the defendants not only had an opportunity to have the question of damages for a total breach of this contract determined in the Alger county case, but the plaintiff urged that it should be litigated in that suit. This the defendants by their objection prevented. They are thereby

estopped from now taking an inconsistent position before the court and claiming the benefit of the rule against splitting causes of action.

As above stated, defendants' claim of *res adjudicata* in support of this motion to dismiss is not based upon the contention that plaintiff's right to recover damages for the total breach of the contract was adjudicated upon its merits; but upon the claim that the plaintiff ought to have submitted that issue in the Alger county suit. The question actually presented by this record is not strictly a matter controlled by the rule of *res adjudicata,* but rather by the application of the doctrine of estoppel. Without so deciding, we may here assume that the contract involved is entire and indivisible, as is now asserted by the defendants on their motion to dismiss, but none the less by having prevented an adjudication in the former suit of plaintiff's claim for damages resulting from a total breach, the defendants are estopped from now taking an inconsistent position. The law of estoppel as applied to a similar case has been discussed somewhat at length by Justice Fellows in *Hassberger* v. *Supply Co.,* 213 Mich. 489. We quote only a part of the syllabus:

"Where defendant, in a suit for specific performance, claimed that no valid contract existed between it and plaintiff, and said suit was discontinued, it was estopped from claiming later, in an action in assumpsit against it to recover the money paid under said alleged contract, that it was valid and enforceable, its admission in the former suit being a judicial one and conclusive upon it in the second trial."

This doctrine has been applied by this court in the more recent cases of *Majewski* v. *Barrel & Box Co.,* 230 Mich. 548; *Besonen* v. *Campbell,* 243 Mich. 209.

"A party who has successfully interposed a defense or objection in one action or proceeding cannot shift his ground and take a position in another action or proceeding which is so inconsistent with his former defense or objection as necessarily to disprove its truth." 21 C. J. p. 1231.

We must call attention to a matter of improper practice. This motion should have been denied by the circuit judge on the ground that the defense of *res adjudicata* must be pleaded in bar and cannot properly be raised by motion to dismiss. *Vyse* v. *Richards,* 208 Mich. 383. The instant decision should not be considered a precedent for such practice. Cases have been reversed because of like practice. *Crete Mills* v. *Canfield,* 222 Mich. 458. However, this question was not raised either in the circuit court or in this court, and since the case has been carefully briefed by the respective counsel, we dispose of the question presented on its merits.

The order granting defendants' motion to dismiss was erroneously made. The judgment entered is reversed, with costs to the appellant.

FELLOWS, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred. FEAD, J., did not sit.