CAVOSIE *v.* SINCLAIR REFINING CO.

1. WORKMEN'S COMPENSATION—MASTER AND SERVANT—LANDLORD
   AND TENANT—PRINCIPAL AND CONTRACTOR—DEFECTIVE PREMISES.
   In action by special administrator of the estate of an injured
   employee of one defendant, not under the workmen's com-
   pensation act, who was an assignee of a lease of a gasoline
   filling station from other defendant, who was under the act,
   where plaintiff claimed latter defendant liable for having
   furnished defective premises and that former defendant failed
   to furnish a safe place to work and denied right to compensa-
   tion under the act as claimed by latter defendant, issue was
   squarely raised as to whether relation between two defendants
   was that of lessee and lessor or principal and contractor (2
   Comp. Laws 1929, § 8416).

2. SAME—RES JUDICATA—PRINCIPAL AND CONTRACTOR.
   In proceeding to recover workmen's compensation from owner
   of a gasoline filling station after unsuccessful attempt to
   recover damages from such defendant and the immediate em-
   ployer of plaintiff's decedent, the so-called lessee, in an action
   at law, question of relationship of defendant to decedent hav-
   ing been adjudicated in the action at law and defense of
   *res judicata* raised in this proceeding, the department of labor
   and industry was not at liberty to find defendant a principal
   liable for compensation where decedent's immediate employer
   was not subject to the workmen's compensation act (2 Comp.
   Laws 1929, § 8416).

3. JUDGMENT—RES JUDICATA—RIGHT OF ACTION.
   A former adjudication of a right of action by a court having
   jurisdiction of the subject matter and of the parties is a bar
   to an action for the same debt or claim where it is sought to
   be again litigated between the same parties or their privies.

4. SAME—RES JUDICATA—JURISDICTIONAL FACT QUESTIONS.
   When an action is sought to be maintained or defended by show
   ing a former adjudication of questions upon which it depends,
   it must appear that such questions were litigated as a matter
   of fact; that they were submitted to and decided by the court
   or jury; and that they were not collateral inquiries, but crucial
   questions in the other controversy.

5. SAME—DEPARTMENT OF LABOR AND INDUSTRY.

While the department of labor and industry is not a court, the doctrine of *res judicata* applies to its proceedings and its decisions are binding on the parties.

6. WORKMEN'S COMPENSATION—ACTION AT LAW—RES JUDICATA.

After final adjudication of action at law in which issue of defendant's liability at common law or under the workmen's compensation act was litigated, plaintiff may not again litigate the question in a proceeding to recover workmen's compensation.

7. SAME—JUDGMENT—RES JUDICATA—PRIVIES—SPECIAL ADMINIS-TRATOR—DEPENDENTS.

There is sufficient privity between the special administrator of the estate of a deceased employee, who sued employer and employer's lessor in an action at law to recover damages for death, and plaintiffs, dependents of employee, in proceeding to recover workmen's compensation, to bind plaintiffs on matter of liability of the lessor under the workmen's compensation act as a principal (2 Comp. Laws 1929, § 8416).

8. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ELECTION OF REMEDIES—PRESENTATION OF CLAIM FOR COMPENSATION.

Where dependents of deceased employee are bound by former adjudication in favor of defendant, the employer's so-called lessor, in an action at law by the special administrator of deceased employee's estate on the matter of the applicability of the workmen's compensation act, Supreme Court does not decide whether the joinder of deceased's immediate employer in the action at law constituted such an election of remedies under provisions of the workmen's compensation act relative to choice between dual remedies as to bar subsequent relief against employer's so-called lessor nor does the Court discuss the matter of timely presentation of claim for compensation (2 Comp. Laws 1929, §§ 8416, 8431, 8454).

Appeal from Department of Labor and Industry. Submitted January 12, 1940. (Docket No. 3, Calendar No. 40,563.) Decided March 15, 1940.

Angelo Cavosie, Sr., and other dependents presented their claim against Sinclair Refining Company for compensation for accidental death of

Adolph Cavosie. Award to plaintiffs. Defendant appeals. Reversed.

*S. W. Patek, L. J. McManman, Bernard E. Larson (John S. McDonald,* of counsel), for plaintiffs.

*Ivan D. Wright,* for defendant.

Butzel, J. On June 19, 1935, Adolph Cavosie, now deceased, was employed by Fenton J. Manning at a filling station operated by Manning in Bessemer, Michigan. Manning operated the station under an assignment of a lease from Sinclair Refining Company and under other contracts relating to the purchase and sale of the Sinclair Company's products. On June 19, 1935, Cavosie was fatally injured by the explosion of a boiler in the filling station. Manning had not elected to come under the workmen's compensation act, but Sinclair Company was under the act. Angelo Cavosie, father of Adolph, was appointed special administrator of his son's estate, and thereafter brought a common-law action for damages under the survival act in the circuit court, naming Manning and Sinclair Refining Company as defendants. The cause was removed to the Federal district court and submitted to a jury, who found for defendants. On May 24, 1938, almost three years after the accident, plaintiffs, as dependents, applied to the department of labor and industry for adjustment of claim for compensation. The department found partial dependency and made an award for payment of medical, hospital and funeral expenses and the sum of $3.95 per week for partial dependency from June 19, 1935. Defendant set up several defenses in his answer to plaintiffs' notice and application for adjustment of claim, among which was that in the Federal court proceed-

ing it had been ruled that defendant Sinclair was not a principal within 2 Comp. Laws 1929, § 8416 (Stat. Ann. § 17.150).

In the common-law action, plaintiff asked $25,000 damages against Sinclair on the theory that as lessor it leased defective premises and against Manning on the theory that he failed to furnish a safe place to work. Sinclair insisted that if there was any liability, it was limited by the compensation act, and that any liability on its part would be by virtue of 2 Comp. Laws 1929, § 8416 (Stat. Ann. § 17.150), which provides that:

"Where any employer subject to the provisions of this act (in this section referred to as the principal), contracts with any other person (in this section referred to as the contractor), who is not subject to this act and who does not become subject to this act prior to the date of the accidental injury or death for which claim is made for the execution by or under the contractor of the whole or any part of any work undertaken by the principal, the principal shall be liable to pay any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him."

Plaintiff's reply denied that it was entitled to receive compensation under and by virtue of the workmen's compensation act, and denied that plaintiff's remedy, if any, was exclusively under the act. Thus, the question of whether the relation between Manning and Sinclair was that of lessor and lessee or that of principal and contractor was squarely the issue raised by the pleadings in the case. The problem was again raised on defendant Sinclair's motion for directed verdict, but the court reserved decision on the motion and submitted the case to the jury on plaintiff's theory, expressly instructing them that

the relationship was not that of employer and employee or of master and servant, but that of lessor and lessee, and that they could consider the question of contributory negligence on the part of decedent in coming to their conclusion as to the liability of Sinclair, but not in connection with Manning's possible liability. The jury returned a verdict of no cause of action against each defendant, and judgment was entered thereon. No appeal was taken.

We think the controlling question in the case before us now is whether the decision of the Federal court on the question of defendant's relationship to the deceased is binding on the parties in the proceeding before the department. Although plaintiff contends that this question was not raised before the department and therefore is not before us, the defense was clearly raised in defendant's answer, arguments, testimony, and by the introduction in evidence of the transcript and pleadings in the Federal court case. Furthermore, there is a reference in the opinion of the department to the suit against Manning and a discussion of the question of whether plaintiff had elected his remedy by suing Manning, although the effect of the Federal court decision on the issue of Sinclair's relationship to plaintiff's decedent was not discussed. See *Noto* v. *Acme Truck Sales & Service Co.,* 270 Mich. 394.

The department was not at liberty to find that defendant was a principal within 2 Comp. Laws 1929, § 8416. That question was at issue before the Federal court and was adjudicated. The ruling thereon was conclusive on the rights of the parties or their privies. The principle of law was stated in *Bond* v. *Markstrum,* 102 Mich. 11, when the court said:

"A former adjudication of the right of action, where the court had jurisdiction of the subject matter and of the parties, is unquestionably a bar to an

action for the same debt or claim, and is conclusive where the same subject matter is sought to be again litigated, no matter how, between the same parties. In such case it is no answer to say, 'There were questions which were not raised or litigated.' It is enough if they might have been raised and litigated. But it is a different matter when an action is sought to be maintained or defeated by showing a former adjudication of questions upon which it depends. In such case it must appear that such questions were litigated as a matter of fact; that they were submitted to and decided by the jury or court; and that they were not collateral inquiries, but were crucial questions in the other controversy."

See, also, *LeRoy* v. *Collins,* 165 Mich. 380; *Spitzley* v. *Garrison,* 208 Mich. 50; *Gumienny* v. *Hess,* 285 Mich. 411; *Hebert* v. *Ford Motor Co.,* 285 Mich. 607.

*Besonen* v. *Campbell,* 243 Mich. 209, presented the converse of the situation at bar. In the compensation proceeding, defendant was successful in its defense that the employment was illegal because hazardous. In a subsequent common-law action plaintiff sought to show over defendant's objection the proceedings before the department. It was held that the defendant could not change front and defeat recovery in the common-law action on the ground that the work was not hazardous. It was held that while the department is not a court, the doctrine of *res judicata* applies to its proceedings, and its decisions are binding on the parties, and since defendants defeated recovery of compensation on the ground that the employment was illegal because hazardous, they could not claim to the contrary in the common-law action.

In *Majewski* v. *Martin Brothers Barrel & Box Co.,* 230 Mich. 548, the defendant operated its Ohio business under the workmen's compensation law of Ohio, and the Michigan part of the business under the

Michigan law. The employee had filed a claim for compensation under the Ohio law and was defeated on the ground that he was not an employee under the Ohio law but was subject to the Michigan jurisdiction. Thereafter, in the proceedings under the Michigan law, defendant insisted he was under the Ohio statute. It was held that since defendant defeated the Ohio claim on the ground that it was under the Michigan act, it was estopped from claiming that the parties were not under the Michigan act.

In *Chatham-Trenary Land Co.* v. *Swigart,* 245 Mich. 430, the court said:

"The question actually presented by this record is not strictly a matter controlled by the rule of *res judicata,* but rather by the application of the doctrine of estoppel. Without so deciding, we may here assume that the contract is entire and indivisible, as is now asserted by the defendants on their motion to dismiss, but none the less by having prevented an adjudication in the former suit of plaintiff's claim for damages resulting from a total breach, the defendants are estopped from taking an inconsistent position. The law of estoppel as applied to a similar case has been discussed somewhat at length by Justice Fellows in *Hassberger* v. *General Builders Supply Co.,* 213 Mich. 489. We quote only a part of the syllabus:

" 'Where defendant, in a suit for specific performance, claimed that no valid contract existed between it and plaintiff, and said suit was discontinued, it was estopped from claiming later, in an action in assumpsit against it to recover the money paid under said alleged contract, that it was valid and enforceable, its admission in the former suit being a judicial one and conclusive upon it in the second trial.'

"This doctrine has been applied by this court in the more recent cases of *Majewski* v. *Martin Broth-*

*ers Barrel & Box Co.,* 230 Mich. 548; *Besonen* v. *Campbell,* 243 Mich. 209.

" 'A party who has successfully interposed a defense or objection in one action or proceeding cannot shift his ground and take a position in another action or proceeding which is so inconsistent with his former defense or objection as necessarily to disprove its truth.' 21 C. J. p. 1231."

It is true that in the cases cited the party estopped from changing front in the second proceeding was successful in escaping liability in the prior proceeding because of the stand he took. However, the fact that plaintiff here failed to preponderate before the jury does not alter the principle applicable to the case at bar. The parties had their day in court on the issue of whether defendant was liable at common law or under the compensation act and should not be permitted to litigate the question anew.

While the Federal court action was instituted by the special administrator of the estate of the employee and this claim was filed by the dependents of the employee, there is sufficient privity to bind the dependents by the action of the special administrator. *City of Grand Rapids* v. *Crocker,* 219 Mich. 178; *Muehlenbeck* v. *J. W. Ederer & Co.,* 231 Mich. 1; *Noto* v. *Acme Truck Sales & Service Co., supra.*

Because we hold that plaintiffs are bound by the decision of the Federal court on the issue of the applicability of the compensation act, we need not determine whether the joinder of Manning in that suit constituted such an election under 2 Comp. Laws 1929, § 8454 (Stat. Ann. § 17.189) as to bar subsequent suit against Sinclair. Nor need we discuss the matter of timely presentation of claim for compensation.

The award is vacated, with costs to defendant.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, MCALLISTER, and WIEST, JJ., concurred.