SHARP v TWO POINT ASSOCIATES, LTD.

1. ESTOPPEL—COLLATERAL ESTOPPEL—BARRING ACTIONS—JUDGMENT—
ACCELERATED JUDGMENTS—PRIOR ACTIONS.

Collateral estoppel bars an action for damages for wrongful acts
against a partnership in which the plaintiffs allege that the
defendants are liable as general partners where the plaintiffs
had previously been granted an accelerated judgment in a prior
action between the same parties in which it was determined
that the defendants could not sue the plaintiffs for dissolution
of the same partnership since the defendants were only limited
partners.

2. ESTOPPEL—JUDGMENT—ACCELERATED JUDGMENTS—BARRING AC-
TIONS—EQUITABLE ESTOPPEL—INCONSISTENT POSITIONS—PREJU-
DICE.

Plaintiffs can not maintain an action against defendants based on
the ground that the defendants were not limited partners
where the plaintiffs had won an accelerated judgment in a
previous action between the same parties based upon the claim
that the defendants were limited partners; the rule that a
party will not be permitted to maintain inconsistent positions
in two lawsuits between the same parties can be treated as a
form of equitable estoppel, and Michigan courts have applied
this rule when such positions operate to the prejudice of a
party.

3. ESTOPPEL—COLLATERAL ESTOPPEL—ISSUES—RELITIGATION—PARTIES
—CAUSES OF ACTIONS.

Collateral estoppel bars the relitigation of issues previously de-
cided in an action between the same parties where the second
cause of action is different from the first cause of action.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 60 Am Jur 2d, Partnership §§ 342–344.
[3, 4] 46 Am Jur 2d, Judgments § 415 et seq.
[5] 47 Am Jur 2d, Judgments § 1198.
Doctrine of res judicata as applied to default judgments. 77 ALR2d
1410.
[6] No reference
[7] 46 Am Jur 2d, Judgments § 589.

4. ESTOPPEL—COLLATERAL ESTOPPEL—QUESTIONS OF FACT—PARTIES—
   ACTUALLY LITIGATED.

   The bar of collateral estoppel extends only to questions of fact
   that were actually litigated in a previous cause of action
   between the same parties; a question has been actually liti-
   gated when put in issue by the pleadings, submitted to the trier
   of fact for a determination, and is thereafter determined.

5. ESTOPPEL—COLLATERAL ESTOPPEL—DEFAULT JUDGMENTS—ACCELER-
   ATED JUDGMENTS.

   Collateral estoppel applies to both default judgments and acceler-
   ated judgments.

6. JUDGMENT—ACCELERATED JUDGMENTS.

   An accelerated judgment is the proper method to dispose of a
   case where the defendant has raised a defense which will
   defeat the complaint, even though the complaint has stated a
   claim.

7. ESTOPPEL—COLLATERAL ESTOPPEL—EQUITABLE ESTOPPEL—ACCELER-
   ATED JUDGMENTS—COURT RULES.

   The bar of collateral or equitable estoppel should be asserted in a
   motion for accelerated judgment (GCR 1963, 116.1[5]).

Appeal from Genesee, Donald R. Freeman, J. Submitted June 20, 1977, at Detroit. (Docket No. 30624.) Decided September 7, 1977. Leave to appeal applied for.

Complaint by Aubra E. Sharp, Sr., Aubra E. Sharp, Jr., Larry G. Sharp, and others, against Two Point Associates, Ltd., and others, for damages for breach of fiduciary relationship, breach of contract and as third-party beneficiaries under the provisions of a contract. Summary judgment for certain of the defendants. Plaintiffs appeal. Affirmed.

*Fenton, Nederlander, Dodge & Ritchie, P. C.* (by *Patrick B. McCauley*), for plaintiff.

*Fitzgerald, Young, Peters, Bruno & Bunn,* for defendants.

Before: BEASLEY, P. J., and V. J. BRENNAN and J. R. McDONALD,* JJ.

V. J. BRENNAN, J. Plaintiffs brought this action on July 12, 1974, seeking recovery for the alleged wrongful acts of defendants. Plaintiffs contended that on July 8, 1972, the Sharps entered into a general partnership (hereafter S.C.S.) with defendant Two Point Associates, Ltd. (hereafter Two Point). Two Point was a registered limited partnership in Genesee County. As listed on its partnership certificate, the general partners of Two Point were defendants John Carey and John Sorokin. The limited partners were Drs. Eugene Herzog, John Herzog, Robert Belanger, William Belanger, Donald Smith, George Wright, Eugene Chardoul, Erol Ucer, David Swayze and Clemon Pardales. All of these doctors appeal in this action except for William Belanger.

As specified in the partnership agreement, the purpose of S.C.S. was to acquire and develop certain property in Florida. To the S.C.S. partnership, the Sharps were to contribute $10,000 each, Carey and Sorokin $750 each, and the doctors $173,000. The S.C.S. partnership agreement provided for the employment of Midwest Development Corporation (hereafter Midwest) for executive management services. Plaintiff Alm was the assignee of Sharp Construction Company, the general contractor named in the partnership agreement.

Plaintiffs alleged that S.C.S. acquired the property and began development in accordance with the S.C.S. partnership agreement. However, in November, 1973, certain of the limited partners began to attempt to persuade the Sharps to cease construction and hold the property for investment.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiffs allege that the doctors then engaged in a series of actions intended to destroy S.C.S. and to cause the frustration of its purpose. Plaintiffs claim that through these acts and other acts the limited partners took part in the control of the business and thereby assumed general partnership liability as to creditors of the partnership, including plaintiffs.

Plaintiffs' complaint contained eight counts. The first three prayed for monetary damages for each of the individual Sharps, based upon alleged breach of a fiduciary relationship between the partners of S.C.S. In the next three counts, plaintiffs sought monetary damages for the Sharps on a theory of breach of the S.C.S. partnership agreement by defendants. The last two counts sought monetary damages for plaintiffs Midwest and Alm, based on a third-party beneficiary theory.

On October 31, 1974, defendants filed a "motion for accelerated and summary judgment". Defendants asserted several grounds in support of this motion. One was labelled "res judicata" and stated that plaintiffs' cause of action was barred because the claim depended upon a determination that the doctors were *not* limited partners. This position conflicted with the prior court ruling between the parties in *Herzog v Carey,* Genesee County Circuit Court No. 31383, in which the Sharps, defendants in that action, had been granted an accelerated judgment on the basis that the plaintiff doctors *were,* or were suing as, limited partners.

*Herzog* was brought on May 13, 1974, by the doctors, "all limited partners of Two Point". In that action, the doctors sought dissolution of the S.C.S. partnership. Defendants in *Herzog* were the Sharps and several others. On July 12, 1974, defendants in *Herzog* moved for accelerated judg-

ment on the basis that plaintiffs, as limited partners, lacked the capacity to sue. On August 9, 1974, the judge issued an opinion in *Herzog* stating that plaintiff doctors, as limited partners, had no basis to bring the action on behalf of Two Point. The motion for accelerated judgment brought by defendants Sharps, S.C.S., Midwest and Alm was granted and the action dismissed.

In the present case, the doctors, as defendants, were granted summary judgment because plaintiffs had taken inconsistent positions in the two lawsuits. An order granting summary judgment to defendants Swayze, Smith, Robert Belanger, Herzog, Herzog, Ucer, Perdales, Chardoul, and Wright was entered on June 28, 1976. An amended order to the same effect was filed on July 28, 1976. Claims against other named defendants were not resolved for various reasons. Claim of appeal was filed July 30, 1976. Plaintiffs appeal as of right under GCR 1963, 806.1.

Plaintiffs present us with a single claim to review. We must decide whether the trial court erred by finding that plaintiffs could not maintain an action against the defendant doctors on the ground the doctors were not limited partners where in a previous action plaintiffs had won an accelerated judgment based on the fact the doctors were limited partners.

At the outset, we observe that defendants in their "motion for accelerated and summary judgment" have confused res judicata with collateral estoppel. Res judicata is inapplicable to the present situation because the two causes of action are different. See *Howell v Vito's Trucking and Excavating Co*, 386 Mich 37; 191 NW2d 313 (1971). In *Herzog*, the doctors sued for dissolution of the partnership whereas in this case the plaintiffs

sued for monetary damages based on theories of breach of fiduciary relationship, breach of contract, and third-party beneficiary. As distinguished from res judicata, collateral estoppel bars relitigation of issues previously decided in the first action between the same parties where the second cause of action is different from the first cause of action. *Howell v Vito's Trucking and Excavating Co*, supra, at 41–42, *Jones v Chambers*, 353 Mich 674, 680–681; 91 NW2d 889 (1958). See also *Braxton v Litchalk*, 55 Mich App 708, 717–718; 223 NW2d 316 (1974). We note that the bar of collateral estoppel extends only to questions of fact that were "actually litigated" in the previous cause of action. *Senior Accountants, Analysts & Appraisers Association v Detroit*, 399 Mich 449, 458; 249 NW2d 121 (1976), *People, ex rel Director of Conservation v Babcock*, 38 Mich App 336, 346; 196 NW2d 489 (1972). We defined the requirement of being "actually litigated" in *Sahn v Brisson*, 43 Mich App 666; 204 NW2d 692 (1972):

"A question has not been actually litigated until put in issue by the pleadings, submitted to the trier of fact for a determination, and thereafter determined." (Citation omitted.) *Sahn v Brisson*, supra, at 670.

The trial judge in his opinion also confused res judicata and collateral estoppel. He found that res judicata did not bar plaintiffs' claim because the issue of the doctors' status was never actually litigated. If plaintiffs' claim was barred, this bar would occur by operation of collateral estoppel, and not res judicata.

Nonetheless, we must determine whether the doctors' status *was* actually litigated in *Herzog*. Plaintiffs argue that the doctors' status was not decided in *Herzog*, but rather contend they merely

relied upon the doctors' own representations of limited partnership in seeking their accelerated judgment there. Defendants counter that the Sharps could not have been successful on their accelerated judgment motion unless the trial court actually determined the doctors were limited partners.

We have been unable to find any direct authority on the question. The trial court granted accelerated judgment to the Sharps in *Herzog* on the following basis:

"Absent a possible basis for capacity to sue and standing via a derivative suit, it must be concluded that Plaintiffs or limited partners have no basis under the Uniform Limited Partnership Act, MCLA 449.201 *et seq.* to bring the present action on behalf of the partnership, Two Point Associates, LTD.

"In line with the above finding, Defendants' Motion for Accelerated Judgment may properly be granted under GCR 1963, 116.1(3)."

We believe the trial court was incorrect in failing to find collateral estoppel. Collateral estoppel is applicable in the case of a default judgment. *Braxton v Litchalk, supra,* at 714–716. We find the grant of an accelerated judgment close enough procedurally to a default judgment to justify operation of collateral estoppel here as well.

This accelerated judgment determined that the doctors could not sue for dissolution of the partnership because they were, or alleged they were, only limited partners. Holding that the finding bars relitigation of the issue does serve the collateral estoppel purposes of finality and repose. We find incongruous the possibility of two final but inconsistent judgments, one stating the doctors as

limited partners could not maintain an action for dissolution and a second stating that the doctors as general partners could be sued for their wrongful acts against the partnership. Therefore, we hold that collateral estoppel would properly operate to bar plaintiffs in this suit.

The basis utilized by the trial court for granting the present summary judgment was an inconsistency of positions taken by the Sharps in the two lawsuits. However, upon analysis, we find the rule that a party will not be permitted to maintain inconsistent positions can be treated as a form of equitable estoppel. See 28 Am Jur 2d, Estoppel and Waiver, §§ 68–75, pp 694–710. Michigan courts have applied this rule to situations in which a legal position inconsistent to that taken previously is argued by a party in subsequent judicial proceedings, when such position operates to the prejudice of the adverse party. This principle has been applied in various circumstances. *Mertz v Mertz,* 311 Mich 46, 55–58; 18 NW2d 271 (1945), *Cavosie v Sinclair Refining Co,* 292 Mich 468, 472–475; 290 NW 871 (1940), *Majewski v Martin Brothers Barrel & Box Co,* 230 Mich 548, 550; 203 NW 102 (1925), *Hassberger v General Builders' Supply Co,* 213 Mich 489, 496; 182 NW 27 (1921).

Consequently, we do find support in case law for the proposition that plaintiffs' assertions fit within the inconsistent positions rule of equitable estoppel. The positions were inconsistent, given the assertion that the doctors were limited partners in *Herzog* and the assertion in the present case that the doctors were general partners. The parties were the same; the question of partnership status was the same. The Sharps prevailed on their limited partner theory in *Herzog.* Therefore, we do not believe the trial court was incorrect in dispos-

ing of this case on the inconsistent positions principle. We do not find reversible error.

Neither do we find that the trial court acted improperly by employing accelerated judgment in this case rather than summary judgment. Accelerated judgment is the proper method for disposing of a case where the defendant has raised a defense which will defeat the complaint, even though the complaint has stated a claim. *Drouillard v Roseville,* 9 Mich App 239, 243–244; 156 NW2d 628 (1967). The bar of collateral or equitable estoppel should be asserted in a motion for accelerated judgment. GCR 1963, 116.1(5). See also *Senior Accountants, Analysts & Appraisers Association v Detroit,* 60 Mich App 606, 608, n 1; 231 NW2d 479 (1975), *aff'd,* 399 Mich 449; 249 NW2d 121 (1976).

Nor do we find the trial court failed to comply with GCR 1963, 517.1. With certain exceptions not applicable here, Rule 517.1 provides that findings of fact and conclusions of law are unnecessary where motions are involved. Even were we to admit that the rule applies in this case, and, so, the court obligated to specify the facts upon which he relied, we find the court's opinion did sufficiently specify the facts and legal grounds upon which his decision was based. Therefore, we find plaintiffs' claim without merit.

Having reviewed plaintiffs' allegation of error, and being unpersuaded, we sustain the trial court.

Affirmed. Costs to be paid by plaintiffs-appellants.

BEASLEY, J., concurs in the result.